LILES, Judge.
Jesse Daniels was charged with rape in 1958 in Tavares, Florida. He was nineteen years of age at that time. Daniels was committed to the state mental institution in Chattahoochee on an order of confinement issued by Judge Futch on the grounds that Daniels was not competent to stand trial. Appellant Daniels has been in Chattahoochee from the time of his commitment until the present.
On February 24 and 25, 1971, Daniels had a hearing before Circuit Judge E. R. Mills in Lake County, Florida, to determine whether his mental condition had improved sufficiently to allow him to be brought to trial on the charges filed against him. Judge Mills entered an order finding Daniels had failed to prove by a preponderance of the evidence that he was competent to undergo trial and assist his attorneys in his defense. It is from this order that Jesse Daniels brings this appeal.
We have very thoroughly reviewed the record in this case. The evidence shows that three licensed psychiatrists, one unlicensed psychiatrist employed at the state hospital, a psychologist, a minister, and two attorneys from the Volusia County Public Defender’s office all testified in appellant’s behalf. The testimony of these witnesses shows conclusively that Jesse Daniels is now properly oriented as to time, place and person, and could aid his lawyers in the defense of his case.
The only witness called by the state was a psychologist who works at the state hospital. He testified that he felt the advice Daniels could give to his attorneys would be limited because of Daniels’ low I.Q. He never said that Jesse Daniels could not assist his attorneys in the preparation of his defense, but only that Jesse Daniels’ assistance would be limited. In the face of the very positive evidence showing appellant to be competent, the testimony of this witness was of little value.
We recognize and do not recede from the general rule in Florida that the finding of a trier of fact comes to the appellate court clothed with the presumption of correctness. However, in a case such as this, where the evidence is overwhelmingly contrary to the findings of the trial court, the appellate court has the authority and the power to enter a reversal. Holland v. Gross, Fla.1956, 89 So.2d 255; Heath v. First National Bank in Milton, Fla.App.1968, 213 So.2d 883.
Accordingly, we reverse the order of the trial court and remand with directions to enter an order declaring Jesse Daniels competent to stand trial.
PIERCE, C. J., and McNULTY, J., concur.