284 So.2d 433 (1973)
MANCHESTER INSURANCE & INDEMNITY COMPANY and Charles Hines, Appellants,
v.
Joanne NOVACK et al., Appellees.
No. 73-120.
District Court of Appeal of Florida, Third District.
September 18, 1973.
Rehearing Denied November 8, 1973.
Petersen, McGowan & Feder, Miami, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and Peter L. Wechsler, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants take this interlocutory appeal to review a judgment finding the appellant Charles Hines to be the owner of the subject automobile.
On January 8, 1970 plaintiff-appellees were injured when their automobile was struck from behind by a taxicab driven by one Elisha Johnson, Jr. Defendant-appellant Manchester Insurance & Indemnity Company was the insurer of Johnson and Hines who allegedly owned the taxicab. Plaintiffs Joanne and Thomas Novack filed suit against all three. The cause of action was tried without a jury on the question of ownership of the taxicab and Manchester's liability as insurer. The issues of negligence and damages were severed and still remain to be tried. Defendant-appellant Hines basically contends that he sold the cab to Johnson prior to the accident *434 After having heard the testimony of all parties, the trial judge entered his findings as follows:
"1. Charles Hines was the owner of the 1963 Plymouth sedan automobile which was involved in an automobile accident while being driven by Elisha Johnson, Junior, also with the consent of Charles Hines, and as such, Charles Hines was legally responsible for said automobile at the time of the accident.
"2. That Elisha Johnson failed to cooperate with the insurance company that covered said policy."
Defendant-appellants contend that it was established as a matter of law that ownership of the automobile involved in the accident was not in the appellant Charles Hines. We disagree.
It is well established that in cases tried without a jury, the lower court's findings are entitled to the weight of a jury verdict and will not be disturbed unless there is a total lack of substantial evidence to support the trial judge's findings. 2 Fla.Jur. Appeals § 346 (1963) and cases cited therein. After a review of the record on appeal, we conclude that there is sufficient evidence upon which the trial judge as trier of the facts was able to find defendant-appellant Charles Hines to be the owner of the taxicab that was being operated by the defendant Elisha Johnson, Jr. with Hines' consent at the time of the accident. Accordingly, we must reject this argument of appellants and affirm paragraph one (1) of the judgment.
On cross-appeal, plaintiff-appellees Joanne and Thomas Novack contend that paragraph two (2) of the judgment is brutum fulmen as to further proceedings and was included erroneously in the judgment. We are in agreement.
The record clearly reflects that the ownership of the taxicab was the sole issue tried in the proceedings below and, therefore, we conclude that there was insufficient evidence upon which to make a finding of cooperation or a lack thereof with the insurance company.
Accordingly, we must reverse that part of the judgment pertaining to the cooperation on the part of Johnson and remand with directions to strike paragraph two (2) thereof, to-wit: "That Elisha Johnson failed to cooperate with the insurance company that covered said policy."
Affirmed in part, reversed in part and remanded with directions.