PER CURIAM.
Appellant, plaintiff below, brings this appeal from a final judgment of the trial court awarding it attorneys’ fees and an order of the trial court denying its motion for a rehearing.
Appellant held a promissory note from appellee, Lawrence J. Costley, for the principal amount of $120,000.00 plus interest due and payable on July 29, 1974. The note was not paid when due and on September 18, 1974, appellant filed a complaint against appellee seeking damages and other relief, including the establishment of a lien and garnishment. Thereafter, a garnishment prior to judgment was issued and appellant posted a bond in the amount of $270,000.00 for which it was required to pay the premium.
After the garnishment, the parties entered into a stipulated settlement agreement whereby appellee paid $123,000.00 to appellant. This amount did not include attorneys’ fees and costs which by the agreement were to be determined by the trial court.
After a non-jury hearing on the issues of attorneys’ fees and costs, the trial court entered a final judgment dated December 17, 1974, which awarded appellant $500.00 in attorneys’ fees and denied it any amount for costs. From the judgment, appellant appeals.
Appellant contends the trial court erred in entering the judgment because it was contrary to the evidence. Appellee contends that there was competent substantial evidence to support the award of $500.00 as reasonable attorneys’ fees and to deny costs to appellant.
It is a well settled proposition of law that an appellate court should not interfere with the findings of fact of a trial judge, sitting non-jury, unless there is an absence of substantial competent evidence to support such findings. However, on appeal when such evidence is found to be lacking, even when the evidence is considered in a light most favorable to the prevailing party, it is an appellate court’s duty to reverse. Apeco Marina, Inc. v. St. Paul Fire & Marine Insurance Company, Fla.App.1974, 301 So.2d 136; Manchester Insurance & Indemnity Company v. Novack, Fla.App. 1973, 284 So.2d 433; C. T. Heath v. First National Bank in Milton, Fla.App.1968, 213 So.2d 883; and see 2 Fla.Jur. Appeals § 343.
In the instant case, the record shows that the legal activities undertaken and the costs incurred by appellant’s counsel were justified under the circumstances. Also, it appears that the trial court’s award of only $500.00 as attorneys’ fees and nothing for costs is not sustained by the evidence.
*184 We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law and have concluded that reversible error has been shown. Therefore, for the reasons stated, and upon the authorities cited, the judgment appealed is reversed and remanded to the trial court for the assessment of reasonable attorneys’ fees and costs.
Reversed and remanded.