KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment entered by the trial court on March 2, 1977, after a non-jury trial, in favor of appellee, plaintiff below. We reverse.
In March of 1975, appellee entered into a contract with appellant for his services as an interior decorator and designer. Under the terms of the contract, appellee made an initial payment to appellant of $16,500. Thereafter, the record reflects that appellee became dissatisfied with appellant’s estimate of the number of rolls of wallpaper and the labor charges to hang the paper necessary to complete that portion of the contract. Based upon appellee’s dissatisfaction with appellant’s performance, appellee, by a letter dated June 26, 1975, unilaterally terminated the contract. Thereafter, ap-pellee filed a complaint for damages seeking damages in the amount of $16,500. After a non-jury trial, the trial court entered a final judgment in favor of appellee in the amount of $13,500, and awarded appellant the sum of $3,000 for services rendered under the contract. From this final judgment, appellant brings the instant appeal.
We have carefully reviewed the record and, after considering the evidence in a light most favorable to appellee, have *987 concluded that the evidence was insufficient to sustain the findings of the trial court that appellant breached the contract in question and that appellee was entitled to damages. See, e. g., Commercial Bank of Kendall v. Costley, 324 So.2d 182 (Fla. 3d DCA 1975); Apeco Marina, Inc. v. St. Paul Fire & Marine Insurance Co., 301 So.2d 136 (Fla. 3d DCA 1974); Manchester Insurance & Indemnity Co. v. Novack, 284 So.2d 433 (Fla. 3d DCA 1973); and Heath v. First National Bank of Milton, 213 So.2d 883 (Fla. 1st DCA 1968). The total overestimation and overcharge, if any, under the contract was so insignificant as to not justify a rescission or revocation of the contract. Further, we note that appellee, subsequent to approving the estimates made by appellant under the contract, attempted to base his complaint upon an alleged discrepancy which amounted, at most, to less than 1.4% of the entire contract price.
However, in our opinion, the record does clearly show that appellee breached his contract with appellant; therefore, the' trial court should have granted judgment in favor. of appellant pursuant to his counterclaim set forth in his answer and counterclaim. Accordingly, the final judgment appealed is reversed and the cause is remanded to the trial court for the purpose of ascertaining damages under the contract, consistent with this opinion.
Reversed and remanded with directions.