480 So.2d 196 (1985)
John Laverne BEATY and Dorothy M. Beaty, His Wife, Appellants,
v.
Delphia E. MILLER, As Personal Representative of the Estate of Earl H. Beaty, Deceased, Appellee.
No. BF-494.
District Court of Appeal of Florida, First District.
December 19, 1985.
J. Richard Moore, Jacksonville, for appellants.
S. Perry Penland of Penland, Penland, Pafford & Jones, P.A., Jacksonville, for appellee.
MILLS, Judge.
John and Dorothy Beaty appeal from a final judgment which the Estate contends established a constructive trust in favor of the Estate to a certain parcel of land here at issue and awarded it proceeds allegedly owed to the Estate from the sale of the parcel. We reverse.
*197 The original owner of the land in question, J.M. Beaty, died intestate. He was survived by his wife, Margaret, and two adult sons, John and Earl. In accordance with the intestate laws enacted at that time, each of the heirs received a one-third interest in the property, which consisted of approximately ten acres in Duval County.
On 18 May 1972, John and Dorothy joined with Earl to convey by quitclaim deed a two-acre parcel on the southerly part of the property to their mother, Margaret. Margaret lived in a trailer home on this parcel. However, by warranty deed dated 10 March 1977, Margaret reconveyed this two-acre tract to her son John and his wife, Dorothy. The trial court found this conveyance was made freely and voluntarily and vested title in John and Dorothy.
The next transaction involving the subject property took place on 14 September 1977, when Margaret and her son, Earl, purported to convey the remainder of the property to John and Dorothy. The signature of Earl was not subscribed to by two witnesses however, and consequently the warranty deed was void as to his interest. The transfer was effective as to Margaret.
The next relevant event occurred in October of 1979. By warranty deed, John and Dorothy conveyed a rectangular section of the northern portion of the realty to a Maggie M. Lee. Earl received one-third of the net proceeds from the sale, as he was entitled to.
Thereafter, in July of 1980, John contracted to sell the remaining portions of the subject property, including the two-acre tract deeded to him by Margaret, for the aggregate amount of $144,689.14. From these proceeds John and Dorothy paid to, or on behalf of Earl or his estate, the total sum of $27,235.88.
In the final order, the trial court concluded that Earl's estate was entitled to one-third of the proceeds from the entire sale. By dividing $144,689.14 by one-third and not deducting any closing costs, the court reached the sum of $48,229.71. Subtracting the payments previously made by John to Earl, which were attributable to the sale, the court concluded that Earl's estate was entitled to recover an additional $21,951.73 plus interest from John and Dorothy Beaty.
While appellate courts generally will not disturb the findings of fact by a trial judge if there is sufficient competent evidence to support such findings, when the weight and competency of the evidence is clearly contrary to the findings of fact it is the duty of the appellate court to reverse the trial court. Heath v. First National Bank in Milton, 213 So.2d 883 (Fla. 1st DCA 1968). In the present case, the trial court either overlooked the fact that the two-acre tract deeded to John and Dorothy was included in the total sale or the fact that they were its sole owners. In either event, the court's holding that the Beatys "have legal title to the sum of $21,951.73, in trust for the use and benefit of the Estate of Earl H. Beaty" must be reversed.
A constructive trust can only be imposed under certain circumstances which do not exist here. Those circumstances are outlined in the case of Kramer v. Freeman, 272 So.2d 195 (Fla. 3d DCA 1973). There is no clear and convincing evidence in the present case that John and Dorothy acquired the two-acre parcel through fraud, abuse of confidence or any other questionable means. Indeed, the trial court in its order found that Margaret signed the deed freely and voluntarily and that the Estate did not carry "the burden to prove fraud or undue influence on Mrs. Beaty."
Accordingly, we reverse.
SHIVERS and ZEHMER, JJ., concur.