DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LILLIAN L. VERA,**
Appellant,

v.

**WELLS FARGO BANK, N.A.,** as **SUCCESSOR BY MERGER TO WACHOVIA BANK. N.A.** f/k/a **FIRST NATIONAL BANK,**
Appellee.

No. 4D14-2672

[November 4, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 502012CA006596XXXXMB.

Craig A. Boudreau, Wellington, for appellant.

Christopher W. Smart of Carlton Fields Jorden Burt, P.A, Tampa, and Michael K. Winston, Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

DAMOORGIAN, J.

Lillian Vera ("Homeowner") appeals a final summary judgment of foreclosure entered in favor of Wells Fargo Bank, N.A. ("the Bank"). Homeowner argues that she raised disputed issues of material fact as to whether the subject property was her protected homestead property and whether she waived her homestead rights. Accordingly, she maintains that the trial court erred in granting final summary judgment. We agree and reverse.

The following facts established by the parties' pleadings and affidavits are relevant to this appeal. The Bank initiated the underlying foreclosure action and listed the Homeowner, amongst many others, as a defendant. The complaint alleged that in November of 1999, Georgina Vera (Homeowner's then mother-in-law) and Rogelio Vera (Homeowner's then husband) executed and delivered the subject note to the Bank. The complaint further alleged that the property "was then owned by and in the possession of" both Georgina and Rogelio Vera. With regard to

Homeowner's potential interest in the property, the complaint alleged that she "may have or appear to have some right, title, interest or claim in and to the mortgaged property by virtue of a Quit Claim Deed . . . [but that] [s]aid interest, if any, is subject and inferior to the lien of Plaintiff's mortgage."

In her responsive pleading, Homeowner admitted that the subject property was then owned by Georgina and Rogelio Vera and denied that her interest in the property was inferior to the Bank's mortgage. As an affirmative defense, Homeowner asserted that the subject property was her protected homestead and was thus exempt from forced sale. Specifically, she alleged that: (1) Homeowner and Rogelio Vera were married in 1998; (2) Homeowner and Rogelio Vera began permanently living in the subject property in the months prior to November 15, 1999; (3) the Bank never obtained Homeowner's signature on the subject mortgage; (4) Homeowner continues to reside in the subject property, and intends to remain therein; and (5) on November 13, 2002, Georgina Vera deeded the property to Homeowner and Rogelio Vera.

The Bank subsequently moved for final summary judgment. As to Homeowner's homestead defense, the Bank argued that the defense was meritless because Homeowner failed to establish the property as her homestead prior to the execution of its mortgage and further failed to live on the property continuously. In support of its argument, the Bank filed the following documentary evidence:

- Homeowner's deposition transcript in which she admitted leaving the subject property sometime in 2011 for an unspecified amount of time.
- The property appraisal report showing that the subject property was vacant as of July 27, 1999.
- Homeowner's tax returns for 1998 and 1999 which listed an address different than the subject property.
- The Palm Beach County tax collector's ad valorem tax assessment showing that no homestead exemption had been taken on the subject property for the year 1999.

In response, Homeowner filed an affidavit in opposition to the Bank's motion for summary judgment, reiterating the allegations previously made in her answer and affirmative defense.

The record indicates that the court held a hearing on the Bank's motion for final summary judgment. However, the record does not contain a transcript. The court ultimately granted the Bank's motion and entered

2

final summary judgment for the Bank.

On appeal, Homeowner argues that summary judgment was improper because material issues of fact existed as to whether she established the subject property as her homestead prior to the creation of the Bank's lien. Specifically, Homeowner maintains that if she in fact established the property as her homestead, her signature was required on the mortgage in order to effectuate the Bank's security interest in the homestead property.[1] The Bank counters that Homeowner never alleged or established that she and/or her husband actually *owned* the property, as is required to claim homestead protection, prior to the execution of the subject mortgage.

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Volusia Cnty v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000). "'If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.'" *Fla. Atl. Univ. Bd. of Trs. v. Lindsey,* 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010) (quoting *Bender v. CareGivers of Am., Inc.,* 42 So. 3d 893, 894 (Fla. 4th DCA 2010)). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Frost v. Regions Bank,* 15 So. 3d 905, 906 (Fla. 4th DCA 2009).

The material facts relevant to a determination of entitlement to a homestead exemption in the present case are: (1) whether Homeowner or her husband owned the subject property prior to the execution of the subject mortgage; (2) whether Homeowner and her husband were married prior to the execution of the subject mortgage; and (3) whether Homeowner and her husband established and maintained the subject property as their permanent residence prior to the subject mortgage. *See* Art. X, § 4(a), Fla. Const.; *Aronson v. Aronson,* 81 So. 3d 515, 520 n.2 (Fla. 3d DCA 2012).

---

[1] Homestead property may not be alienated by a married owner without joinder or consent of the spouse. *See Smith v. Reverse Mortg. Solutions, Inc.*, 40 Fla. L. Weekly D1624, D1625 (Fla. 3d DCA July 15, 2015) (holding that Florida's Constitution required the owner's spouse's "signature on the mortgage to effectuate the lender's security interest in their homestead property"); *Heath v. First Nat'l Bank in Milton,* 213 So. 2d 883, 887–88 (Fla. 1st DCA 1968) (holding that the subject mortgage was void as being in violation of Florida's homestead protection because the spouse did not join or consent to the alienation of the homestead property).

While the Bank maintains that the homestead defense must fail because Homeowner never specifically established that she or her husband actually owned the property prior to the execution and delivery of the subject note and mortgage, the following paragraph in the Bank's complaint supports Homeowner's assertion that her husband owned the property at the time the mortgage was executed:

> The Note was secured by a Mortgage dated November 15, 1999, which was executed by GEORGINA VERA A/K/A/ GEORGIANA VERA AND ROGELIO VERA A/K/A ROGEEIO VERA. The Mortgage was recorded on December 8, 1999 Official Records Book 11493, Page 1119, of the Public Records of Palm Beach County, Florida, and mortgaged the land, **which land was then owned by and in the possession of GEORGINA VERA A/K/A GEORGIANA VERA AND ROGELIO VERA A/K/A ROGEEIO VERA.**

Homeowner, in turn, admitted these allegations. She further generally alleged that in the months prior to November 15, 1999, she and her husband "moved into their new home and began to permanently reside therein as their homestead." Admittedly, Homeowner's evidence does not specifically establish the date her husband took an ownership interest in the property. However, viewing the evidence in the light most favorable to Homeowner, we are compelled to conclude that a genuine issue of material fact exists as to whether the Homeowner established the subject property as her homestead prior to the Bank's mortgage. *See McCabe v. Fla. Power and Light Co.*, 68 So. 3d 995, 997 (Fla. 4th DCA 2011).

Accordingly, we reverse the final summary judgment and remand for further proceedings.

*Reversed and remanded.*

STEVENSON and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**