McNULTY, JOSEPH P., Associate Judge.
Plaintiff in a personal injury action brings a timely appeal from a final judgment entered pursuant to a jury verdict in his favor assessing damages at Ten Thousand ($10,000.00) Dollars. He contends that errors in the trial resulted in grossly inadequate damages. Defendant-appellee has not cross-appealed.
Plaintiff allegedly sustained a herniation of two cervical discs, resulting in pain and suffering, and twenty-five percent (25%) permanent partial disability with consequential pecuniary losses, past, present and future.
Four points are raised on appeal, the first two of which urge reversible error because of improper remarks of the Court during the trial, and improper comments of defense counsel in final argument to the jury. It may be conceded, arguendo, that the Court was guilty of injudicious observations, and that defense counsel was guilty of impropriety in his summation. However, the cumulative effect thereof did not constitute prejudice in the light of the entire record. The trial lasted some five days, and the remarks and comments complained of appear to be isolated instances in a transcript comprised of more than 500 pages. We find no reversible error on these points and see no purpose to be served by a lengthy discussion thereon.
The third point raised on appeal urges that error was committed in admitting into evidence a Workmen’s Compensation form (i. e., Employer’s First Report of Injury) concerning plaintiff’s involvement in a prior automobile collision. The fourth point argues that the verdict assessing damages was grossly inadequate. Since we feel the third point on appeal is meritorious, and compels us to reverse, it is unnecessary to discuss the fourth point.
The defense in the instant case was predicated upon three theories : The first denied negligence, and the third claimed exaggeration on the part of the plaintiff. The point on which we base our conclusions herein is embraced in the second defense theory, to-wit: that plaintiff’s injuries were, at least in part, attributable to the prior accident.
It is undisputed that the plaintiff, a Lieutenant with the Florida Highway Patrol, had been involved, as a passenger, in an accident on September 30, 1961, some three and one-half months prior to the accident involved in the instant case. He was seated in a Florida Highway Patrol cruiser, driven by a Sergeant Wiggins, and which was stopped at a red light when struck from the rear by another vehicle.
Much effort was expended by the defendant in emphasizing the prior accident, and the fact that the plaintiff had sustained a “whip lash” injury therein. It was vigorously contended that the present injury was apportionable therefrom, and that the prior accident caused all, or most, of plaintiff’s *234 injuries. The plaintiff steadfastly denied that he had ever sustained a prior “whip lash” injury, though he admits the prior accident; and no witness testified that the plaintiff had ever complained of, or made claim for, a prior “whip lash” injury.
The sole probative evidence from which it might be inferred that the plaintiff suffered a “whip lash” in a prior accident appears in defendant’s Exhibit 10. This exhibit is a typewritten report required to be filed, by an employer, with the Florida Industrial Commission, pursuant to Section 440.36(1), F.S.A., and is entitled “Employer’s First Report of Injury.” Included in the information therein, reflecting the name of the plaintiff as the “injured Employee” and other data not pertinent here, is information as to how the accident occurred. This is answered as follows: “Hit from rear by another vehicle causing neck to jerk (whip lash) * * In answer to another inquiry, concerning a description of the injury, the exhibit reflects the following response: “whip lash neck.” It further appears in the report that it was prepared and signed, apparently, by one Morgan, Jr., whose official position is described therein as “Auditor — Department of Public Safety.”
The plaintiff objected to the admission of the foregoing Exhibit 10 on three grounds: First, that it was privileged under Section 440.36(3), F.S.A.; secondly, that it was not properly authenticated or certified by the Florida Industrial Commission as an official document; and, thirdly, on the ground that it was hearsay as to the plaintiff. The defendant urged its admissibility principally on the ground that it was proper impeachment of the plaintiff since it constitutes a “prior inconsistent statement,” and further contended that it was not rendered inadmissible by virtue of Section 440.36(3), F.S.A. or for lack of proper authentication. The lower court agreed with the defendant and the document was admitted in evidence.
Leaving aside, for the moment, the question of whether the report is privileged, and thus inadmissible under Section 440.36 (3) F.S.A., and whether it was properly authenticated as an official document of a governmental agency, we conclude first that it was inadmissible and incompetent as a predicate for impeachment of the plaintiff on the theory that it constituted a prior inconsistent statement.
The evidence clearly established that it was recognized departmental policy in the Florida Highway Patrol to report accidents in which members of the Patrol were involved during, and within the scope of, the performance of their duties. Plaintiff admitted that he made such report concerning the prior accident of September 30. He testified, however, and it is uncontradicted, that it was an oral report made to a secretary in the Highway Patrol Office, and that he never saw a written report thereafter nor did he ever sign any report. He denied, and it nowhere appears to the contrary, that he ever personally wrote any other report or submitted any other written memoranda of the accident. He further testified that, since Sergeant Wiggins was the driver of the cruiser involved in the September 30 accident, departmental policy required that it was incumbent upon him, Sergeant Wiggins, to make out the principal accident report. This procedure was substantially corroborated by his superior officer, Captain Weaver, who was called as a defense witness.
In addition, plaintiff denied throughout his testimony that he ever reported to the secretary, or related to anyone else, including examining or treating physicians, that he had suffered a “whip lash” injury in the September 30 accident. Nowhere in the record is this contradicted unless it can be said that it is impeached by defense Exhibit 10, and we conclude that this exhibit is incompetent to accomplish this purpose.
First of all, it is an employer’s first report and not an employee’s. Secondly, the plaintiff’s oral report was made to a secretary who, it may be assumed, reduced it to writing in accordance with departmental *235 procedures. But thereafter, according to the record herein, no such report was ever displayed to the plaintiff, nor was any ever seen or signed by the plaintiff. Subsequently, through an Auditor of the Department of Public Safety, named Morgan, a report was filed with the Florida Industrial Commission. There is nothing in the record to show, even if it be assumed that the secretary did display to the plaintiff her report of the accident, that it was the same report which was filed by Morgan and which was admitted as defendant’s Exhibit 10. Finally, there is nothing in the report from which it could be inferred that the plaintiff must necessarily have made a claim for injury; e. g., knowingly suffering a loss of pay for time lost.
Under no construction of the foregoing facts could it be said that anything contained in that document would be a prior statement of any kind of the plaintiff. As to him, it constitutes classic hearsay evidence and is thus inadmissible upon timely objection made thereto.
 It cannot be said, furthermore, that the admission of defendant’s Exhibit 10 was non-prejudicial. Generally, where error is clearly made to appear, injury is presumed to follow, unless the record affirmatively shows to the contrary. Southern Homes Ins. Co. v. Putnal, 1909, 57 Fla. 199, 49 So. 922; Griffith v. Shamrock Village, Fla.1957, 94 So.2d 854; Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166. But here, it is not difficult to affirmatively find prejudice from the error. One of the principal defenses centered around a prior similar injury, a “whip lash.” No testimony of any witness established such an injury and, unless the defendant was successful in getting into evidence its Exhibit 10, the record would be completely devoid of any probative evidence of such prior injury. Concededly, the verdict, as rendered, could be sustained from the record; but we cannot say that it would not have been substantially higher in the absence of evidence tending to show that the plaintiff was suffering from apportionable similar injuries sustained in a prior accident. The prejudicial effect of Exhibit 10, therefore, cannot be doubted, and its; admission being erroneous, a reversal is, required.
Since this case has to be retried, it might assist in the trial thereof if we express, at this time, our view as to the admissibility of Exhibit 10 in the light of the provisions of Section 440.36(3) F.S.A. The lower Court ruled that the exhibit was not privileged under that section since the instant case is not a “proceeding in respect to such injury * * * on account of which the report is made.” The lower Court was eminently correct. Clearly, the instant proceeding was not brought in respect of the injury mentioned in the report, but was brought, rather, in respect to other injuries, i. e., those received in the accident of January 20, 1962, while an injury, if any, referred to in Exhibit 10, concerned that received in the September 30, 1961 accident. Thus it is, for this reason alone, the exhibit was not inadmissible as “privileged” under Section 440.36(3) F.S.A.
We need not discuss the admissibility of Exhibit 10 on the grounds of authenticity or certification. Sections 92.01, et seq., F.S.A. clearly set forth the circumstances under which official documents may be admitted into evidence.
Since defendant-appellee has not cross-appealed on the question of liability and, in fact, concedes that the jury decided the triable issues adversely to the defendant pursuant to proper instructions by the Court, we see no purpose in retrying the case on the issue of liability. We feel that the error determined herein bears solely on the issue of damages, and, therefore, remand the cause for a new trial on damages only. Schield Bantum Co. v. Greif, Fla.App.1964, 161 So.2d 266. See also Jesters v. Taylor, Fla.1958, 105 So.2d 569.
ALLEN, C. J., and SMITH, J., concur.