380 So.2d 573 (1980)
Alice P. SCHILPP, Appellant,
v.
Peter M. SCHILPP, Appellee.
No. HH-499.
District Court of Appeal of Florida, First District.
March 5, 1980.
*574 Michael C. Bergen of Bergen & Roberts, Lake City, for appellant.
Michael C. Murphy of McDavid & Murphy, Lake City, for appellee.
BOOTH, Judge.
This cause is before us on appeal and cross-appeal from final judgment in a suit for partition and accounting between parties who were divorced in 1975. The judgment determines the interest of the parties in various assets, including, in pertinent part, the following:
"That Defendant, PETER M. SCHILPP, is the sole proprietor and owner of a business known as PETE'S REFRIGERATION, together with all assets, fixtures, furnishings, goodwill, and equipment of said business. That Plaintiff, ALICE P. SCHILPP, is the sole proprietor and owner of a business known as SCHILPP'S MOBILE HOME SALES, together with all assets, fixtures, furnishings and equipment of said business. The Court specifically finds that no partnership existed or exists in either business between the parties. Neither party is entitled to an accounting of the rents, issues and profits of the other's business."
The holding of the trial court that there was no partnership in the business known as Pete's Refrigeration is clearly erroneous and contrary to the evidence. Appellee urges that this determination was harmless error since the court, in its division of the jointly owned property of the parties achieved equity. The record, however, does not substantiate appellee's contention that the error was harmless.
The facts are that the parties were married in 1944 and, during their married life, operated an air conditioning business known as Pete's Refrigeration. Marital difficulties arose which resulted in a separation agreement and a judgment of divorce incorporating that agreement on August 22, 1975. The agreement provided that the parties were joint owners of the partnership business known as Pete's Refrigeration. For several months after the divorce, plaintiff and defendant continued to work together in the business until they had a final disagreement over finances in the Fall of 1975. In 1977, at the time of the institution of the present litigation, the parties stipulated that the separation agreement had, by virtue of non-performance, become null and void. The parties were unable to agree to a division of the jointly held property, and the present litigation was commenced.
The separation agreement was received into evidence as demonstrating the understanding of the parties as to their respective property rights on August 21, 1975. Paragraph six of that agreement states that:
"The air conditioning, maintenance and repair sales business is a partnership owned equally by the husband and wife."
Further evidence adduced at trial included the testimony of the defendant, Peter Schilpp, as follows:
"Q. Prior to this separation agreement, Mr. Schilpp, who were the owners of the business known as Pete's Refrigeration?
"A. Prior to the divorce?
"Q. Yes, sir?
"A. Me and my wife.
"Q. This would be Alice P. Schilpp?
"A. Right."
* * * * * *
"Q. Did you ever tell her [Mrs. Schilpp] that you and her were partners?
"A. I considered at the time of being married that we were partners.
"Q. Did you consider yourself business partners?

*575 "A. At the time we were married, yes."
* * * * * *
"Q. When, in your opinion, as far as you are concerned, Mr. Schilpp, when did the partnership cease, when did it cease?
"A. The partnership ceased at the time of the divorce, or I should restate that, at the time that the Time Certificate was completely missing.
"Q. When was that, sir?
"A. It seems like it may have been in September of 1975, September or October.
* * * * * *
"Q. Mr. Schilpp, how is it that Pete's Refrigeration, which was jointly owned by you and your wife at the time of the divorce, is now owned solely by you? Was there ever a Bill of Sale?
"A. No, sir, there was no Bill of Sale, but at the time that things got so unbearable, and my ex-wife walked off with the complete Time Certificate, I figured that she had bought her share of the business, or her half or whatever you call it of the business."
Mrs. Schilpp testified that she considered herself a joint owner of the business, a partner, and that she and Mr. Schilpp started the business together and worked in it together.
The testimony of both parties is that Pete's Refrigeration was jointly owned and was operated as a partnership. This testimony, while not conclusive on the trial court's determination of the issue of partnership as defined by law, shows the intent of the parties and must be accorded due consideration. Indeed, the intention of the parties is a "primary consideration"[1] and "the most important test as between the parties themselves"[2] in determining whether there is a partnership.
The uncontradicted evidence further establishes that the wife worked full time in the refrigeration business from 1958 or 1959 until 1975, and that her duties included everything from answering the phone, keeping the books and ordering supplies, to unloading trucks and delivering refrigerators. The testimony in this regard is, in pertinent part, as follows:
[Testimony of Mr. Schilpp]
"Q. And about 1958 or 1959 she started working for you in effect full-time in the refrigeration work?
"A. Yes.
"Q. And this continued until your marital troubles?
"A. Yes.
"Q. Is that accurate?
"A. Yes.
"Q. During that time until 1975 she never received a salary as such until the middle of 1975 when she started getting $150.00 until the final blowup?
"A. Yes."
* * * * * *
[Testimony of Mrs. Schilpp]
"Q. What were your duties at Pete's Refrigeration?
"A. After 1957?
"Q. Yes.
"A. Anything from answering the phone to typing out bills, and supplies, and unloading trucks, and delivering refrigerators.
"Q. How often did you unload trucks?
"A. About as often as they came.
"Q. Every time that a truck came?

*576 "A. Approximately every time a truck came.
"Q. How often did you make deliveries?
"A. This was various occasions. Maybe late in the evening.
"Q. Did you work full-time for Pete's Refrigeration?
"A. Yes, full-time, day and night."
The testimony of both parties shows a division of profits.[3] Appellee does not contend in this court that profits were not shared. On the contrary, the contention is that appellant got more than her share. Under the Uniform Partnership Code, a partnership is "an association of two or more persons to carry on a business for profit as co-owners," Florida Statutes, § 620.585, and the sharing of profits of a business is "prima facie evidence that he is a partner in the business." Florida Statutes, § 620.59.
The only factor suggested by appellee as supporting the trial court's conclusion of no partnership is the failure of the parties to file a partnership tax return until 1975. The provisions of the Internal Revenue Code and regulations governing the filing of partnership returns are unique,[4] and specific rules apply where a family business is involved.[5]
"The tax law contains its own definition of partnership, suggesting that federal, not state, law determines what is a partnership in the tax context."
Here, the evidence suggests a number of reasons for the filing of a partnership return in 1975 based on the breakup of the marriage as well as the business relationship and the employment of an accountant, for the first time, by the business. Considering all the circumstances, the filing of a partnership return has little bearing on the existence of a partnership under State law.
The evidence shows that there was a partnership in Pete's Refrigeration, and indicates that dissolution of the partnership occurred in 1975 with a final dissention between the parties. Florida Statutes, §§ 620.70, 620.705 and 620.71; Hilgendorf v. Denson, 341 So.2d 549 (Fla. 1st DCA 1977).
Where, as here, clear error is made to appear, injury is presumed to follow, unless the record affirmatively shows to the contrary.[6] If, after careful consideration of an entire record, the appellate court has "no doubt" that the error was harmless, affirmance is proper.[7] However, where the record fails to affirmatively establish that the error was harmless, the appellate court has a duty to reverse.[8]
*577 In the instant case, the existence of a partnership in Pete's Refrigeration was a primary issue before the court. The determination of that issue was basic to the remainder of the court's decision regarding the division of the joint assets. There was substantial conflict as to the value of various assets, conflict which only the trial court could resolve, but no indication in the judgment as to the values determined by the court. Under these circumstances, the error as to the partnership cannot be viewed as harmless.
We find no merit in appellee's issue on cross-appeal as to the propriety of the trial court's Order on Rehearing.
Accordingly, the judgment below is REVERSED and the cause remanded to the trial court for further proceedings consistent herewith.
McCORD and ERVIN, JJ., concur.
NOTES
[1] 8 Fla.Jur.2d, Business Relationships, § 455, at 457.
[2] 8 Fla.Jur.2d, Business Relationships, § 459:

"In determining whether an actual partnership relation arises from or exists by virtue of a particular agreement, the most important test as between the parties themselves, irrespective of the rights of third persons, is whether it was the intention of the parties to be partners. As between the parties, partnership rests on mutual consent, which may be manifested by the terms of their agreement and the conduct of the parties under it." (citations omitted)
[3] Mr. Schilpp testified:

"Q. Who had control of what was done with the profits?
"A. Well, Pauline kept the books. She had pretty good control over it."
* * * * * *
"Q. You considered it [Pete's Refrigeration] a family business and lived out of it?
"A. Yes.
"Q. If you needed something, you went into the checking account?
"A. Yes.
"Q. The same for you and the same for Pauline?
"A. Yes." (emphasis supplied)
[4] Crane & Bromberg, Law of Partnership, § 23A, Tax Recognition of Family Partnerships, at page 114.
[5] Ibid.
[6] Chimerakis v. Evans, 221 So.2d 735, 736 (Fla. 1969); Griffith v. Shamrock Village, 94 So.2d 854, 857 (Fla. 1957):

"Where error is made to appear injury is presumed to follow."
Stafford v. Southern Bell Telephone, 179 So.2d 232, 235 (Fla. 2nd DCA, 1965), cert. discharged, 190 So.2d 339 (Fla. 1966):
"Generally, where error is clearly made to appear, injury is presumed to follow, unless the record affirmatively shows to the contrary."
[7] Livingston v. L'Engle, 27 Fla. 502, 8 So. 728, 732 (1891).
[8] Heath v. First National Bank, 213 So.2d 883, 888 (Fla. 1st DCA, 1968); Leonard v. Leonard, 259 So.2d 529, 532 (Fla. 3rd DCA, 1972):

"Notwithstanding a presumption of correctness which is to be accorded to the judgment, and that an appellate court should not substitute its judgment for that of the trial court on a matter which was based on findings of the trier of facts, we must observe the principle that it is proper and is the duty of an appellate court to reverse such a judgment when it is determined that the finding or conclusion upon which it was made is clearly wrong through being contrary to the manifest weight of the evidence, or contrary to the legal effect of the law applicable thereto."