438 So.2d 446 (1983)
DIVISION OF CORRECTIONS, a State Agency, State of Florida, Appellant,
v.
Mrs. H.W. WYNN, Appellee.
No. AP-323.
District Court of Appeal of Florida, First District.
September 19, 1983.
*447 Jerrold K. Phillips, Brooks, Callahan & Phillips, Tallahassee, for appellant.
Joel S. Perwin, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellee.
LARRY G. SMITH, Judge.
We affirm the judgment, pursuant to jury verdict, for damages sustained by appellee as the result of the crime of rape committed by Robert Lee White, a work release inmate under the supervision of the Florida Department of Corrections. Appellant asserts error in the trial court's rulings allowing certain testimony by plaintiff-appellee's medical expert, and in allowing appellee to introduce the tape-recorded "confession" given by White shortly following the commission of the crime. We conclude that there was no abuse of discretion in ruling on the expert's testimony, and that the error in admitting the tape recording was harmless. Appellant's third point, improper jury argument, was not preserved for review.
At the trial, plaintiff called as a witness Dr. Dorothy J. Hicks, M.D., who was qualified as an expert to testify concerning the "rape trauma syndrome." In her testimony Dr. Hicks pointed out that it is extremely important for the recovery of rape victims that they have the understanding of the people who surround them, and that others acknowledge that a rape victim is a victim of a violent crime, not a responsible party. She explained the pattern of recovery for rape victims and the different stages they go through. On cross-examination, defense counsel asked her if the victim's knowledge that the rapist was incarcerated would expedite *448 the victim's recovery. On redirect examination, plaintiff's counsel asked the doctor whether it would "help or hurt" Mrs. Wynn to have the opposing lawyer in the case suggest that the rapist was going to appear in court and challenge the validity of the rape. There was no objection to this question, and Dr. Hicks answered it. After a few further questions, Dr. Hicks was asked the following question by plaintiff's counsel: "Let's get back specifically to the defense being structured and the witness being deposed right up until the eve of trial, with the idea that the existence of the rape is going to be challenged and that it was an issue whether or not the rape had even occurred, right up until the day of the trial." Defense counsel's objection to this question was overruled. Dr. Hicks then answered the question thusly:
That is a very traumatic set of circumstances, and maybe one reason that this lady has not begun to resolve this problem any better than she has, the fact that they don't believe her, she still has to face this, and that sort of thing. It is extremely important that the patient have understanding. The rape victim have understanding that rape is a crime and it is not one of those just off-hand sexual relationships. It is extremely important that the victim realizes that other people understand exactly how traumatic this has been, and what a shock this has been to her, and how it is going to affect her and everybody she comes in contact with.
We fail to find reversible error in the trial court's ruling allowing the above testimony. The question was relevant to the entire line of testimony, namely, the nature of the trauma suffered by a rape victim, and factors that may aid or retard recovery. The Department "opened the door" to this line of inquiry when it inquired of Dr. Hicks, on cross-examination, whether the fact of the rapist's incarceration would help speed up Mrs. Wynn's recovery. Only in that context did Mrs. Wynn's counsel then proceed to inquire whether her recovery might be undermined (that is, extended or prolonged) by the Department's contention during this litigation that the rapist had been wrongfully incarcerated, because she had consented to the act.
Furthermore, the record fully sustains the position taken by appellee's counsel that the Department had manifested an intention to defend the case on the grounds that rape did not occur. The fact that the Department did not allege this factual basis for its defense in its pleadings is immaterial. In answers to interrogatories filed by appellee the Department declared positively that it had information to the effect that no rape had taken place, that Mrs. Wynn knew the rapist before the alleged crime, and that Mrs. Wynn was not forcibly raped by the inmate. The Department further indicated that the source of all this evidence was the rapist himself. Mrs. Wynn also encountered questions suggestive of the same defense when deposed by the Department's counsel prior to trial. Three days before the commencement of the trial, the Department filed its answer to the amended complaint, admitting that the rape occurred.
We cannot agree with appellant's contention that this line of questioning in effect introduced a separate theory of recovery not raised by appellee's complaint. In our view, this testimony was closely related to the entire subject of Dr. Hicks' testimony, and as such was simply illustrative of how the psychic and emotional trauma experienced by a rape victim is influenced by events that occur thereafter. In any event, the admission of evidence is a matter within the sound judicial discretion of the trial judge, whose decisions in this regard must be viewed in the context of the entire trial. Rivers v. State, 425 So.2d 101 (Fla. 1st DCA 1982).
Appellant next contends that reversible error occurred in the trial court's ruling allowing appellee to play to the jury the tape-recorded statement of Robert Lee White given to police officers shortly after his arrest on the rape charge. There was no showing that White was unavailable for his live testimony. We agree that the unsworn recorded statement was hearsay. *449 However, appellant has pointed to no fact disclosed or mentioned in the statement that could or did have a prejudicial effect in its defense of the case. Other than establishing the fact of non-consensual intercourse, which the state in its eleventh-hour answer had already conceded, it is difficult to imagine anything in the recorded statement that could possibly have been prejudicial to the Department. In fact, certain portions of the statement could easily be viewed as adverse to appellee. Despite appellant's contentions to the contrary, we can find no basis for the claim that the statement could be considered scandalous or inflammatory.
Neither of the alleged errors above discussed involve the introduction of evidence which, if erroneously admitted, necessarily requires reversal. Although as a general rule where error is clearly made to appear, injury is presumed to follow, this does not apply when the record affirmatively shows to the contrary. Thus it is said that if, after careful consideration of an entire record, the appellate court has no doubt that the error was harmless, affirmance is proper. Schilpp v. Schilpp, 380 So.2d 573 (Fla. 1st DCA 1980). In reviewing the record we have also given consideration to whether any of this evidence improperly admitted was pursued to the point that it was calculated to unduly excite the passions and prejudices of the jurors. Alexander v. Alterman Transport Lines Inc., 387 So.2d 422 (Fla. 1st DCA 1980). This trial was marked by a great deal of contentiousness on both sides. Based upon examination of the entire record, however, the verdict of the jury was clearly correct beyond doubt.[1] Affirmance is therefore proper.
One final point raised by appellant concerns alleged improper jury argument by appellee's counsel. Once again, a case arises in which plaintiff's counsel has indulged in a "comparative verdict" argument, that is, suggesting to the jury that appellee is no less entitled to recovery of a verdict than other injured plaintiffs. Appellee's counsel here named two successful plaintiffs (Carol Burnett, and "Miss Wyoming") who won large recoveries in recent and widely publicized damage suits. This is clearly erroneous. Mallory v. Edgar, 128 Fla. 812, 175 So. 863 (1937); Wright & Ford Millworks, Inc. v. Long, 412 So.2d 892 (Fla. 5th DCA 1982). Unfortunately, as in Murray-Ohio Mfg. Co. v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980), and Hercules, Inc. v. Coto, 434 So.2d 4 (Fla. 3rd DCA 1983), there was no objection preserving this error for appellate review. Appellant has failed to demonstrate that the comments made in this case rise to the level of fundamental error.
The judgment appealed is AFFIRMED.
JOANOS, J., concurs.
NIMMONS, J., dissents with opinion.
NIMMONS, Judge, dissenting.
I respectfully dissent. The majority's opinion, in my view, places this court's imprimatur upon an unprecedented element of damages in personal injury cases, to wit: increased mental anguish to the plaintiff as a consequence of the vigor with which the case is defended.
The trial court allowed plaintiff's counsel to elicit from plaintiff's expert witness on "rape syndrome" her opinions[1] regarding the additional emotional distress sustained by the plaintiff as a result of the manner in which the instant suit was defended including the taking of plaintiff's deposition on behalf of defendant and the defendant's denial up until the eve of trial that Robert *450 Lee White raped her.[2] Plaintiff advances the novel notion that the defendant's thorough deposition cross-examination of the plaintiff, which examination assumed something other than the validity of her claim or truthfulness of her testimony, somehow entitled her to claim additional damages.
Affirmance of the trial court's erroneous allowance of this kind of testimony will add a new and unwarranted dimension to personal injury cases. Henceforth, a defendant in such a case will exercise his constitutional right to defend at his peril. This court should not encourage the creation of a principle that will tend to chill a party's free exercise of his right to defend against personal injury claims.
Appellee's alternative argument that appellant's trial counsel "opened the door" to plaintiff's above-referred testimony is, in my view, totally groundless. For such proposition, appellee directs our attention to a question asked by defense counsel on cross-examination of the plaintiff's rape expert. After the expert had opined concerning the on-going nature of the emotional distress suffered by rape victims such as plaintiff, defense counsel asked the perfectly legitimate question as to whether the plaintiff's knowledge of the rapist's confinement as a result of his sentence of incarceration would tend to ameliorate her ongoing emotional distress. How that question is supposed to open the door to plaintiff's counsel for the additional inquiry referred to above is beyond me.
The error in allowing the above-referred inadmissible damages evidence cannot be regarded as harmless. It may well be that the jury placed much stock in the rape expert's testimony regarding the additional emotional distress suffered as a result of the manner in which the case was defended. Further, I flatly reject the appellee's assertion that appellant waived its right to assert this error on appeal because, as appellee says, no request was made of the trial court to use a special verdict form itemizing the various elements of damages including, presumably, an itemization for mental anguish attributable to the actions of the defendant in defending the case.
With respect to the other two points raised by appellant, I agree with the majority that the trial court's error in admitting White's tape-recorded statement was harmless and that the improper jury argument was not preserved for review. However, on the first point discussed above, I would reverse for a new trial. I, therefore, dissent.
NOTES
[1] We find that liability on the part of the Department of Corrections was established by an abundance of evidence, but since the Department has not briefed nor argued this issue, no further discussion is required. Cf., however, Newsome v. Department of Transportation and Department of Corrections, 435 So.2d 887 (Fla. 1st DCA 1983), in which this court held that the Department of Corrections is not shielded by the doctrine of sovereign immunity from liability for its negligent supervision of an inmate who left a work crew without permission and committed rape.
[1] No issue has been raised as to the competency of such witness to testify as to such matters.
[2] The particularly offensive question of plaintiff's counsel and the witness' answer thereto are both quoted in the majority opinion. Immediately prior to such answer, the trial court heard extensive arguments by counsel on defense counsel's objections to such line of inquiry. Appellant has adequately preserved its right to appeal on this issue.