667 So.2d 867 (1996)
Mary Alana HOLDEN, Appellant,
v.
Daniel P. HOLDEN, Appellee.
No. 95-499.
District Court of Appeal of Florida, First District.
January 31, 1996.
Rehearing Denied February 29, 1996.
*868 Louis K. Rosenbloum and David H. Levin of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for Appellant.
Michael J. Pitts, Pensacola, for Appellee.
VAN NORTWICK, Judge.
Mary Alana Holden (the Wife) seeks reversal of that part of a final judgment of dissolution which awards to the appellee, her former husband, Daniel P. Holden (the Husband), one-half of the total value of certificates of deposit held in her name, arguing that no competent and substantial evidence in the record supports a finding that the certificates constituted marital assets. We agree and reverse that portion of the final judgment.
The certificates of deposits were purchased in the name of the Wife with distributions paid to the Wife on her shares of corporate stock of Alan C. Williams Seafood, Inc., a corporation controlled by the Wife's father, Alan C. Williams, the capital stock of which had been owned by members of the Williams family, including the Wife, prior to the Holden marriage. The lower court found the Wife's shares of stock in this family corporation to be non-marital assets, and we do not disturb that finding. However, we cannot agree that the certificates of deposit, assets purchased in the Wife's name with the proceeds produced by this non-marital asset, are subject to equitable distribution.
The Husband contends that the Wife's corporate distributions from Williams Seafood and the certificates of deposits purchased with that income were "treated, used or relied upon" by the Holdens as a marital asset during the marriage and, therefore, that the trial court was correct in concluding that the certificates of deposits were marital property under section 61.075(5)(b)3, Florida Statutes (1993). We do not agree. The record does not support a conclusion that the parties commingled these non-marital assets with marital assets. See, Heinrich v. Heinrich, 609 So.2d 94 (Fla. 3d DCA 1992); and Becker v. Becker, 639 So.2d 1082, 1084 (Fla. 5th DCA 1994). The Husband argues that the trial court's finding is supported (i) by an accountant's testimony that the Wife's distributions from Williams Seafood were included in the Holden's joint federal income tax return and (ii) by the Husband's testimony that he "assumed" that the Wife's separate income was the source of the purchase money for the acquisition of a seafood restaurant *869 arranged in his name by Williams and that he "guessed" that these funds were returned to his Wife when the restaurant was later sold. This testimony, however, cannot constitute competent and substantial evidence to support the trial court's finding of commingling under section 61.075(5)(b)3.
By itself, the filing of a joint federal income tax return that includes the separate non-marital income of one spouse does not convert the separate income into marital property under section 61.075(5)(b)3. See, Schilpp v. Schilpp, 380 So.2d 573 (Fla. 1st DCA 1980). To rule otherwise would force married persons to file separate income tax returns, and to pay higher income taxes, simply to protect the non-marital status of their separate property.
Further, the Husband's testimony that he "assumed" or "guessed" that the Wife's non-marital income was commingled, unsupported by any evidence such as accounting or financial records, is not competent and substantial evidence to support the lower court's finding that the parties treated, used or relied on the certificates as a marital asset. "Competent, substantial evidence" means "`such evidence as will establish a substantial basis of fact from which the fact at issue can reasonably be inferred [or] ... such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.' "Duval Utility Co. v. Florida Public Service Commission, 380 So.2d 1028, 1031 (Fla.1980), quoting De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957). One party's guesses or assumptions about facts cannot constitute evidence that would reasonably support a factual conclusion. Dept. of Labor & Employment, Division of Workers' Compensation v. Bradley, 636 So.2d 802, 809 (Fla. 1st DCA 1994) (assumptions of witnesses do not constitute reliable evidence to support the hearing officer's conclusion); Drackett Products Co. v. Blue, 152 So.2d 463, 465 (Fla.1963) ("[T]estimony consisting of guesses, conjecture or speculationsuppositions without a premise of factare clearly inadmissible....").
Finally, we find that the issues raised on cross-appeal are without merit and affirm without further comment. Because we are reversing the award to the Husband of the one-half of the certificates of deposit, which was the principal distribution made to the Husband, on remand the lower court may, in its discretion and upon proper motion, revisit the manner of the equitable distribution of marital assets. See, Cloud v. Cloud, 586 So.2d 492, 493 (Fla. 1st DCA 1991).
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
MINER and WOLF, JJ., concur.