DELL, Judge.
Appellant raises three issues in her appeal from the trial court’s final judgment of dissolution of marriage. We affirm. We write only to address appellant’s contention that the trial court abused its discretion when it did not include the enhanced value of appel-lee’s non-marital assets in its plan of equitable distribution.
At the time of trial, as a result of monies received by inheritances, both parties had accumulated substantial sums in non-marital assets. Appellant argued that because ap-pellee used marital funds to pay part of the income taxes due on the non-marital assets, that the enhancement of those assets became marital assets for purposes of equitable distribution. The record shows that from 1987 to 1994, the parties paid $149,951 in taxes on income earned from their combined non-marital assets. Appellee paid $101,949 of this income tax from his non-marital funds. The balance of $37,775 was paid by over-withholding taxes from his marital income. Of this sum, $10,227 is attributable to appellant’s non-marital assets, leaving a balance of $27,-548.
Appellant failed to present evidence directly showing that the over-withholding of ap-pellee’s income resulted in any appreciation of appellee’s non-marital assets. The record also shows that appellee’s prepayment of income taxes resulted in a tax refund to the parties in the amount of approximately $38,- *958 000. This amount clearly exceeds the taxes paid from marital income on his separate assets. We are satisfied from the trial court’s comments in its final judgment that it considered and properly rejected appellant’s argument that the enhancement of appellee’s non-marital assets should have been included in its calculations for equitable distribution. See Oxley v. Oxley, 695 So.2d 364 (Fla. 4th DCA 1997); Holden v. Holden, 667 So.2d 867 (Fla. 1st DCA 1996). Based on the facts of this case, our holding does not conflict with Stevens v. Stevens, 651 So.2d 1306 (Fla. 1st DCA 1995).
AFFIRMED.
WARNER, J., and PARIENTE, BARBARA J., Associate Judge, concur.