IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANIEL THOMAS
MCMULLEN, HUSBAND,

      Appellant,

v.

ANN ROWE MCMULLEN,
WIFE,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6027

Opinion filed October 14, 2014.

An appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

Joseph R. Boyd, B.C.S., and James M. Durant, Jr., B.C.S., of Boyd & Durant, P.L.,
Tallahassee, for Appellant.

Thomas J. Schulte, Jr. of Judkins, Simpson, High & Schulte, Tallahassee, for
Appellee.

PER CURIAM.

      In this dissolution action, we agree with the former husband that the trial

court erred in determining that $250,000 of the distribution he received from a

non-marital joint venture and transferred into his checking account was subject to

equitable distribution; competent substantial evidence does not support the trial court's finding that those funds were treated, used, or relied on by the parties as a marital asset. See § 61.075(6)(b)3., Fla. Stat. (2011); Holden v. Holden, 667 So. 2d 867, 868 (Fla. 1st DCA 1996) (reversing equitable distribution of certificates of deposit purchased with proceeds from a non-marital asset because "[t]he record does not support a conclusion that the parties commingled these non-marital assets [the certificates of deposit] with marital assets"). However, as to the remainder of the equitable distribution award, we disagree with the former husband; competent substantial evidence supports the trial court's findings that the former husband's marital efforts and contributions enhanced the value of the non-marital joint venture and the court did not abuse its discretion in determining the amount of the enhancement to which the former wife was entitled. See § 61.075(6)(a)1.b., Fla Stat. (2011). Accordingly, we reverse the portion of the equitable distribution award related to the $250,000 in the former husband's checking account, but we affirm the final judgment in all other respects.

AFFIRMED in part and REVERSED in part.

PADOVANO, WETHERELL, and MAKAR, JJ., CONCUR.