JOHN R. MIZELL, PLAINTIFF IN ERROR, VS. THE TRAVELERS INSURANCE COMPANY, A CORPORATION UNDER THE LAWS OF CONNECTICUT, DEFENDANT IN ERROR.

Declarations of third persons not authorized to speak for a party are not admissible in evidence against him, and when admitted over his objections and exception will constitute ground for reversal of the judgment against him where it appears to the appellate court that they may have prejudiced his case before the jury.

This cause was decided by Division B.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*L. D. Browne* (with whom was *R. H. Terry* on brief) for Plaintiff in Error.

*E. K. Foster* and *Beggs & Palmer,* for Defendant in Error.

CARTER, P. J.

Defendant in error sued plaintiff in error in the Circuit Court of Orange county in an action of unlawful detainer. A trial was had in July, 1897, resulting in verdict and judgment for the plaintiff, from which the defendant sued out this writ of eror.

From the abstract of the record it appears that the complainant alleged that defendant had unlawfully turned plaintiff out of possession of certain real estate described therein, and prayed restitution. Many errors are assigned, but most of them can not be considered for the reason that the abstract does not properly exhibit the matters upon which they are based in accordance with the rules of this court. Of those that are properly presented only the third and fourth are deemed of sufficient importance to merit discusion.

Plaintiff's agent, F. Robinson, testified that on January 15, 1896, he took possession of the land under a master's deed conveying it to plaintiff in pursuance of a decree of foreclosure of a mortgage executed to plaintiff by W. H. Holden and Nancy A. Holden, his wife; that he went upon the land and exhibited the deed to the mortgagors "and told them that he had come to take possession of the land therein comprised, and that W. H. Holden told him that a part of the house was not included in the mortgage, and pointed it out to him and stated that that part belonged to him and his wife, and that Mrs. Holden told him there would be no trouble about the house;" that the mortgagors interposed no objection to his taking

possession of the land embraced in the master's deed, and that he did so take possession; that he sent a surveyor to determine the lines and the survey corroborated W. H. Holden's statement that a part of the house was on other land not embraced in the mortgage; that later on he put one Jernigan in possession; that in February, 1896, Jernigan notified him that he was having trouble about working the grove on the land on account of the claim of one W. D. Holden (a son of the mortgagors) that he held possession for the defendant; that thereupon he sued out a writ of assistance in the foreclosure suit against W. H. and Nancy A. Holden, and had same executed by the sheriff.

Plaintiff then produced the sheriff, J. C. Anderson, who testified that he went upon the land with Jernigan to execute the writ of assistance; that he read the writ to W. H. and Nancy A. Holden, and "W. H. Holden said it was all right, and that Jernigan could occupy one part of the house and they the other."

It also appears from the evidence that the defendant claimed to own the land by virtue of a deed from the mortgagors executed and recorded long anterior to the execution of the mortgage, and that he claimed to have been in possession of the property by his agent, W. D. Holden, from a period of time anterior to the institution of the foreclosure proceedings; that upon his application he was made a party to those proceedings, and filed his answer therein claiming ownership of the property, but that upon his application he was permitted to withdraw from that suit before final decree, and that he was not a party to the final decree or the writ of assistance issued in that proceeding. It also appears from the evidence

51 S. C.

that the sheriff did not undertake to dispossess W. D. Holden or defendant when he executed the writ of assistance, and that on the occasion when that writ was executed W. D. Holden who claimed to be in possession for defendant, and had posted the land against tresspassers, served a written notice upon the sheriff in the presence of Jernigan that the property was in his possession for defendant. The defendant objected to so much of the testimony as we have placed in quotation marks, upon the ground that conservations between the witnesses and W. H. and Nancy A. Holden had in the absence of the defendant were inadmissible. The court overruled the objections, and the defendant duly entered his exceptions to the ruling. It does appear that neither defendant nor his alleged agent, W. D. Holden, were present when the conversations occurred.

The testimony of Robinson as to remarks made by W. H. and Nancy A. Holden does not seem to be of sufficient importance to require reversal. It was, however, not only irrelevant, but hearsay, and had best be omitted upon another trial.

The remarks testified to by the witness Anderson are of a more serious character. The declaration of W. H. Holden "that it was all right, and that Jernigan could occupy one part of the house and they the other," was wholly irrelevant to the issue between the plaintiff and the defendant, as the Holdens were not parties to the present suit, nor authorized to acknowledge the rightfulness of plaintiff's possession as against the defendant. The remark made by W. H. Holden at the time of the execution of the writ might be reasonably construed into an admission of the rightfulness of plaintiff's possession

or the sufficiency of the writ to put it in possession, and such remark coming from the father of defendant's agent might have been used with serious effect in support of plaintiff's contention that defendant had never had possession through such agent of the premises, but conceived the idea of pretending to have been in possession in order to hinder and delay the plaintiff in its efforts to obtain possession in pursuance of its foreclosure sale. No conspiracy between the Holdens and the defendant in this respect was proven, and, therefore, the declaration of the Holdens were not binding upon the defendant or his agent, and should have been excluded upon the objection made.

The judgment is reversed and a new trial granted.