BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District.[1]
Plaintiffs, petitioners herein, sued defendant, respondent herein, to recover for injuries resulting from an intersectional automobile collision. The trial court (1) excluded from evidence the pertinent provision of the Metropolitan Dade County Traffic Code (the accident occurred at the intersection of Miracle Mile and Galiano in Coral Gables); (2) excluded evidence of defendant’s plea of guilty to the violation in the Metropolitan Court of Dade County; and (3) denied plaintiffs the right to cross-examine the defendant concerning her plea of guilty.
The jury returned a verdict for defendant and plaintiffs appealed. The district court affirmed, holding the errors of the trial court in refusing to allow in evidence the Traffic Code and defendant’s plea of guilty to violation thereof were not prejudicial. This decision conflicts with cases holding such evidence admissible[2] and highly pertinent.[3] In Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967), this Court held that a plea of guilty in a criminal proceeding is admissible in a civil action as an admission against interest.
 Where, as here, error is clearly made to appear, injury is presumed to follow.[4] The violation of a traffic ordinance in the instant case was prima facie evidence of negligence which should have been submitted to the jury along with other evidence in the case,[5] including defendant’s admission of guilt.
Accordingly, the decision of the District Court is quashed and the cause remanded for a new trial consistent herewith.
It is so ordered.
CARLTON, ADKINS and CALDWELL (Retired), JJ., concur.
THORNAL, Acting C. J., dissents with Opinion.

. 219 So.2d 446 (Opinion filed August 13, 1968).

. Boshnack v. World Wide Rent-A-Car, Ine., 195 So.2d 216 (Fla.1967) (plea of guilty) ; Pillet v. Ershick, 99 Fla. 483, 126 So. 784 (1930) (ordinance).

. Blue & Gray Cab Co. v. Lowe, 143 Fla. 129, 196 So. 425 (1940) ; Douglass v. Sapotnick, 126 Fla. 753, 171 So. 765 (1937).

. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla.1957) ; Stafford v. Southern Bell Telephone and Telegraph Co., 179 So.2d 232 (Fla.App.2nd 1965).

. Harvey v. Florida Power & Light Co., 136 So.2d 9 (Fla.App.3rd 1962); Bryant v. City of Tampa, 100 So.2d 665 (Fla.App.2nd 1958).