339 So.2d 298 (1976)
Muriel RUDOLPH and Judith Male D/B/a Muriel Rudolph Associates, Appellants,
v.
Jackie GLEASON, an Individual, et al., Appellees.
No. 75-1290.
District Court of Appeal of Florida, Third District.
November 23, 1976.
*299 Storace, Hall & Hauser and Andrew M. Leinoff, Miami, for appellants.
Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiffs appeal three adverse final judgments in this contract action and primarily urge as reversible error the denial of their motion for new trial. The ground for this motion was that defendant Jackie Gleason communicated with a juror during the trial which may have influenced the juror. The record reflects that on the morning of the second day of trial while defendant Gleason was in an elevator with one of the woman jurors, she remarked to him that she had been reluctant to give her age upon voir dire examination. Defendant responded that it was a woman's prerogative not to say how old she is. These passing comments were the extent of their conversation. The contention that prejudice to the appellants resulted therefrom is pure speculation and we find that the trial judge did not commit an abuse of discretion in denying the motion for new trial. See First National Bank in Tarpon Springs v. Bliss, 56 So.2d 922 (Fla. 1952); Concord Shopping Center, Inc. v. Bookbinder, 227 So.2d 888 (Fla.3d DCA 1969) and Annot., 62 A.L.R.2d 382 (1958).
We also considered appellants' argument that the trial court erred in failing to admonish Mr. Gleason for his alleged constant failure to properly respond to counsel's questions on cross-examination and conclude it is lacking in merit.
Affirmed.