349 So.2d 830 (1977)
Debra MACKEY, a Minor, by and through Charles Mackey, Her Father and Next Friend, Appellants,
v.
RESERVE INSURANCE COMPANY and Rosann Wheeler, Appellees.
No. EE-255.
District Court of Appeal of Florida, First District.
September 14, 1977.
*831 Sylvan A. Wells of Stern, LaRue & Wells, P.A., Daytona Beach, for appellants.
Sutton G. Hilyard, Jr. of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellees.
SMITH, Judge.
Debra Mackey, a minor, and her father appeal from a judgment in this personal injury case awarding each $2,500 on their claims against Wheeler and her insurer. By a special verdict the jury found each claimant damaged to the extent of $5,000, but reduced the amount of their recovery by half due to Debra's own negligence. The Mackeys complain principally of the trial court's exclusion from evidence, when offered by the Mackeys, of Wheeler's admission of guilt of a traffic infraction in the incident.
Because the traffic incident caused personal injury to Debra, Wheeler was required by Section 318.19, Florida Statutes (1975) to attend a mandatory hearing on her traffic citation. She there pleaded guilty to or admitted the truth of the traffic charge. The trial court, excluding evidence of her admission, gave her the benefit of Section 318.14, which provides that a person not required to attend a mandatory hearing may respond to a traffic citation by paying the civil penalty by mail or in person within 10 days or by forfeiting any bond posted to secure appearance. Section 318.14 further provides:
"If the person cited follows either of the above procedures, he shall be deemed to have admitted the infraction and to have waived his right to a hearing on the issue of commission of the infraction. Such admission shall not be used as evidence in any other proceedings."
The trial court erred in excluding Wheeler's admission. Section 318.19, prescribing procedures for the disposition of traffic citations requiring a mandatory hearing, states:
"Any person cited for the infractions listed in this section shall not have the provisions of § 318.14(2) and (4) available to him but must appear... ."
The legislature evidently considered different treatment of more serious traffic offenses is appropriate. We need not speculate *832 on whether the policy of excluding admissions of guilt under the provisions of Section 318.14(2) and (4) should reasonably be applied also in the case of more serious offenses handled under Section 318.19, for the legislature has clearly stated that the policy should not be so applied.
While we consider the trial court erred, the error was harmless in this case. The proffered admission went simply to the question of whether Wheeler was negligent, which the jury's verdict found favorably to appellants. The admission did not, as contended by the Mackeys, bear on the question of Wheeler's degree of fault contributing to the injury. Conceding that Florida's comparative negligence doctrine makes the question more difficult, we conceive that, to warrant reversal, a successful plaintiff must show a clear relationship between the evidence erroneously excluded and the amount of plaintiff's verdict. In this case that showing was not made. The favorable verdict rendered the error harmless to appellants. See Kuharske v. Lake County Citrus Sales, Inc., 61 So.2d 495 (Fla. 1952); Evans v. Kloeppel, 72 Fla. 267, 73 So. 180 (1916).
AFFIRMED.
RAWLS, Acting C.J., and ERVIN, J., concur.