389 So.2d 232 (1980)
Katherine MacNeil, Appellant,
v.
Alan Neal SINGER, Appellee.
No. 78-2034/T4-209.
District Court of Appeal of Florida, Fifth District.
September 24, 1980.
Rehearings Denied October 20, 1980.
*233 Philip Glatzer of Highsmith & Strauss, P.A., Miami, for appellant.
Stephen D. Feinberg of Akerman, Senterfitt & Eidson, Orlando, for appellee.
SHARP, Judge.
Katherine MacNeil appeals from a judgment denying her any recovery in a personal injury suit against Alan Neal Singer. She argues the trial court erred in admitting in evidence a certified copy of a traffic citation and a guilty plea thereto, arising out of the accident.[1] We agree the admission of the citation and guilty plea in this case constitutes a material and prejudicial error.
MacNeil on her bicycle and Singer in his car collided at an intersection in Gainesville, just after sundown on September 21, 1976. MacNeil had no lamp on the front of her bicycle. Singer stopped at a stop sign, and MacNeil started across the intersection. There were lights at the intersection, on a building nearby, and Singer's car lights were on. MacNeil thought Singer saw her, but he pulled into the intersection and hit her. Singer was hurrying to claim a parking space he had just found, after trying to find one for some time. MacNeil was hospitalized with severe injuries, but no one else was injured.
The investigating officer cited MacNeil for a violation of section 316.111(9), Florida Statutes (1975). Section 318.14, Florida Statutes (1975) provides that persons cited for violations of "noncriminal traffic infractions" may pay the civil penalty by mail or in person within ten days of receiving the citation. Failure to have a lamp on one's bicycle after sundown as required by section 316.2065(9), Florida Statutes (1979), is such a "noncriminal traffic infraction." The statute also provides that if the person cited either pays his penalty or forfeits his bond, "he shall be deemed to have admitted the infraction." Without consulting MacNeil, while her daughter was in the hospital, MacNeil's mother paid the fine by mail.[2] She was unaware that her actions triggered the entry of an "automatic" guilty plea to the citation for Katherine. But the statute protects the unwary by providing that "such admission shall not be used as evidence in any other proceedings." (Emphasis supplied.) Section 318.14(4)(b), Florida Statutes (1975).
MacNeil objected at trial to the introduction in evidence of the traffic citation and guilty plea.[3] Counsel argued the plea was not admissible against MacNeil since the testimony showed her mother paid the fine without her consent or direction. The objection was overruled. After the jury returned its verdict for Singer, MacNeil argued a new trial should be granted because the admission of the plea violated the express provisions of section 318.14(4)(b). The motion was denied.
The guilty plea in this case was not admissible because of the express language of section 318.14(4)(b), Florida Statutes (1975). The legislature recognized that persons charged with minor traffic offenses often pay their fines, as a matter of expediency, *234 rather than contesting the charge, and such action should not be deemed an admission of guilt or fault in any other context. Section 318.19(1) states that the privilege of mailing in a fine in lieu of an actual appearance as set forth in section 318.14(4) does not extend to accidents where "another" person is killed or injured, or where damage to property exceeds $250.00.[4] In this case, MacNeil was the only person injured and there was no testimony about property damage. In any event, MacNeil would not be faced with an "automatic" guilty plea, were section 318.14(4) not applicable.
Singer argues MacNeil failed to object at trial to the admission of the plea based on a violation of section 318.14(4)(b), and thus she failed to preserve the error for our consideration on appeal. Tabasky v. Dreyfuss, 350 So.2d 520 (Fla. 3d DCA 1977). However, the ground was specified in MacNeil's motion for new trial, and the objection actually made at trial was a valid one. We are not therefore precluded from considering this error on appeal.
A guilty plea is a kind of "admission against interest." Absent an express exclusionary rule such as is contained in section 318.14(4)(b), it may be introduced in a civil action against a party, if relevant and material to the issues. Chimerakis v. Evans, 221 So.2d 735 (Fla. 1969); Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967). However, it is axiomatic that any such admission must be made by the party against whom it is offered, or with his consent, direction, or concurrence.[5]Mizell v. Travelers' Insurance Co., 44 Fla. 799, 33 So. 454 (1902). Mrs. MacNeil's maternal concerns triggered payment of the fine in this case. Katherine was not consulted, nor was she aware of her mother's actions on her behalf. It therefore was not her plea, and should not have been admissible against her. Johnson v. Woods, 315 S.W.2d 75 (Tex.Civ.App. 1958); Cf. Carter v. Carter, 88 So.2d 153 (Fla. 1956).
The erroneous admission of the guilty plea was material because it likely influenced the jury verdict in this case. There was considerable conflicting evidence on the question of fault for MacNeil's injuries.[6] She had no light on her bicycle, but she had the "right of way," and there was other light at the intersection which might have been sufficient to enable Singer to see her. Singer and MacNeil were the only "eye-witnesses" to the accident. Where there is such conflicting evidence concerning fault in a traffic accident case, the admission of a traffic citation and guilty plea has an overwhelming and forceful effect on the jury.
Common sense (and experience as well) tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or the other with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers.
Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA 1974).
We cannot agree that the error in this case was harmless.
REVERSED and REMANDED.
ORFINGER, J., concurs.
COBB, J., concurs without participation in oral argument.
NOTES
[1] MacNeil was charged with a violation of § 316.111(9), Fla. Stat. (1975), now renumbered § 316.2065(9), Fla. Stat. (1979), which provides:

After sundown, every bicycle shall be equipped with a lamp on the front exhibiting a white light visible from a distance of at least 500 feet to the front and a lamp on the rear exhibiting a red light visible from a distance of 500 feet to the rear, except that a red reflector meeting the requirements of this section may be used in lieu of a red light. All such lamps and reflectors shall be in place and operation whenever a bicycle is operated after sundown.
[2] Mrs. MacNeil testified "I thought that by paying the fine she [her daughter] would be saved having to do that. I didn't know what condition she'd be in when she was allowed out of the hospital... ."
[3] Earlier MacNeil filed a motion in limine to exclude the guilty plea from trial, but neither the motion nor the court's ruling are part of the record on appeal.
[4] See Mackey v. Reserve Insurance Company, 349 So.2d 830 (Fla. 1st DCA 1977).
[5] Statements of third persons may also be admissible as "admissions" under circumstances indicating agency, vicarious liability, or privity, which are not involved in this case.
[6] McArthur v. Cook, 99 So.2d 565 (Fla. 1957); Eggers v. Phillips Hardware Company, 88 So.2d 507 (Fla. 1956).