437 So.2d 761 (1983)
Beatrice Furman CARTER, Russell Carter, and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Musa Tony RUKAB and South Carolina Insurance Company, Appellees.
No. AO-286.
District Court of Appeal of Florida, First District.
September 12, 1983.
*762 Harris Brown and Ronald L. Palmer, Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellants.
John I. Todd, Jr., Jacksonville, for appellees.
LARRY G. SMITH, Judge.
The Carters and their insurer appeal from a final judgment entered pursuant to a jury verdict denying them recovery in their personal injury suit against Musa Tony Rukab and his insurer. They argue that the trial court erred in admitting into evidence the traffic citation issued to Mrs. Carter charging her with running a red light and her admission of guilt thereto. We agree that under the circumstances of this case, the admission of the citation and guilty plea constitutes reversible error. Because we find that this error is dispositive of the case, we do not reach the other point raised by appellants.
Mrs. Carter and Rukab were involved in an automobile accident at the Jacksonville intersection of Edgewood Avenue and Post Street on May 24, 1980. Mrs. Carter was driving westbound on Post Street and Rukab was headed southbound on Edgewood Avenue when their cars collided. The investigating officer issued Mrs. Carter a traffic citation charging her with running the red light at the intersection.
Although the traffic citation provides that Mrs. Carter was required to appear in court for this infraction, Mrs. Carter was permitted to submit an affidavit admitting the infraction and pay a fine of $25.00 in lieu of a court appearance. Her son explained that he advised his mother to follow this procedure because her leg was in a cast, she was taking medication, and he felt that she was unable to make a court appearance. He testified that Mrs. Carter did not understand the implications of what she was signing and that it was always her position that the light was green when she travelled through the intersection.
At the trial below, Mrs. Carter continued to maintain that the light was green when she went through the intersection. Mrs. Abrigail Brown, who was travelling westbound on Post Street when the accident occurred, also testified that the light was green for Mrs. Carter. On the other hand, Rukab testified that the light was green when he went through the intersection. His testimony was corroborated by Arlene Williams' testimony that the light was green when Rukab passed her and travelled through the intersection.
The trial court did not permit any testimony concerning the traffic citation, but defense counsel was permitted to inquire of Mrs. Carter whether she pled guilty to running the red light at the intersection on May 24. In addition, the traffic citation and guilty plea were introduced into evidence over objection. On appeal, appellants contend this constituted reversible error.
Our inquiry begins with the premise that any fact relevant to prove a fact at issue is admissible into evidence unless its admissibility is precluded by some specific rule of exclusion. Williams v. State, 110 So.2d 654, 658 (Fla. 1959). See also Section 90.402, Florida Statutes (1979) which provides that all evidence is admissible except as provided by law. Historically, admissions by a party opponent have been admissible as substantive evidence. Ehrhardt, Florida Evidence, § 803.18, p. 287. In that vein, past decisions of this state hold that a plea of guilty to a traffic offense is admissible as an admission against interest by a party opponent. Chimerakis v. Evans, 221 So.2d 735 (Fla. 1969); Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967).
However, the rule of admissibility was changed in 1974 when the legislature decriminalized certain minor traffic violations. The new law provided that any person charged with such an infraction could pay a civil penalty or forfeit bond, if posted, and that this would constitute an admission *763 to the infraction and a waiver of any right to a hearing. It further provided, however, that this admission could not be used as evidence in any other proceeding. See Section 318.14(4), Florida Statutes (1979). At the same time, the legislature provided that in more serious accidents, involving the death or personal injury of another or property damage in excess of $250.00 (now $750.00, Chapter 81-34, Laws of Florida (1981)), persons cited for infractions shall not have the provisions of Section 318.14(4) available to them, "but must appear before the designated official at the time and location of the scheduled hearing." See Section 318.19(1), Florida Statutes (1979). Since this statute contains no exclusionary provision similar to that found in Section 318.14(4), a plea of guilty to a traffic infraction covered by this statute would be subject to the usual rule of admissibility in other proceedings.
There is evidence in the record that this accident resulted in more than $250.00 property damage. If this case were to be governed solely by the gravity of the accident, Mrs. Carter would obviously not be entitled to the exclusion contained in Section 318.14(4). On the other hand, since the issue is the admissibility of evidence concerning her conduct in pleading guilty, we conclude that Mrs. Carter is entitled to insist that we look to the manner in which her plea was influenced by the two statutes  as actually applied in her case  before characterizing her conduct as falling under the protection of Section 318.14(4) or under the self-inculpatory effect of Section 318.19(1).
Analyzing the problem in this manner, we observe that Section 318.19(1) contemplates a mandatory court appearance. Thus, one entering a plea of guilty under this statute would do so in the courthouse milieu. It follows that one pleading guilty under these conditions would more fully comprehend the significance of an incriminating admission than if that person had utilized the innocuous mail-order adjustment procedure permitted by Section 318.14(4). In enacting Section 318.14(4), the legislature recognized that persons charged with minor traffic offenses often pay their fines, as a matter of expediency, rather than contesting the charge. MacNeil v. Singer, 389 So.2d 232 (Fla. 5th DCA 1980). In fact, it is the relative ease and lack of restraint with which one would customarily approach an informal and convenient means of paying a traffic fine that tends to encourage use of this prompt and inexpensive settlement procedure which is mutually beneficial to the county and the individual.
Although under the provisions of Section 318.19(1) Mrs. Carter presumably could have been required to attend a mandatory hearing on her traffic citation, the fact is that she did not appear in court. Compare, Mackey v. Reserve Insurance Company, 349 So.2d 830 (Fla. 1st DCA 1977). Instead, Mrs. Carter mailed in her fine and affidavit, apparently to avoid the hardship of a court appearance in her condition. We can find no basis upon which appellees can insist that although Mrs. Carter, possibly through some bureaucratic misstep, was permitted to utilize an informal disposition procedure, she should be deemed to have acted in compliance with a statute mandatorily prescribing an entirely different procedure. In terms of appellees' right to introduce evidence of a plea of guilty under Section 318.19(1), we simply hold that it must first be shown that the plea was entered under that statute. Such is not the case here.
Because the evidence of fault in this case was so conflicting, we decline to find that the admission of the traffic citation and guilty plea in this case was harmless. MacNeil v. Singer, supra. Accordingly, the final judgment is REVERSED and the cause REMANDED for a new trial.
JOANOS, J., concurs.
NIMMONS, J., dissents with opinion.
NIMMONS, Judge, dissenting.
I respectfully dissent. I believe that the affidavit executed by Mrs. Carter was properly received in evidence as an admission by a party-opponent. Mrs. Carter's son, in an effort to avoid having his mother appear in court, obtained his mother's signature on the affidavit. The affidavit expressly admitted *764 the traffic infraction referred to in the citation issued by the investigating officer. The affidavit referred to the citation by its official number. The affiant stated in pertinent part:
"I received the above numbered complaint charging
me with Ran Red Light on
 (Description of Violation)
 May 24, 1980 , at 11:50 a.m.
 (Date) (Time)

* * *
I was driving a 67 Plymouth Valiant in a
 (Type of Motor Vehicle)
 West on Post Street in Duval
 (Direction) (Street or Avenue)
County, Florida.

* * *
I am Denying/Admitting (strike one) the commission of the infraction... ."[1]
Section 318.14, Florida Statutes, which provides for a procedure by which a person charged with a noncriminal traffic infraction may, without the necessity of appearance, pay the civil penalty or forfeit a posted bond in which case Section 318.14(4) provides that the person cited shall be deemed to have admitted the infraction but "such admission shall not be used as evidence in any other proceedings." However, Section 318.19 provides that a person cited for certain specified infractions, including any infraction which results in an accident that causes the death or personal injury of another or property damage in excess of a certain threshold amount shall not have the above-referred provisions of Section 318.14(4) available to him.
No one disputes that the subject accident involved property damage in excess of the threshold amount. The provisions of Section 318.14(4) were, therefore, inapplicable including the provision purporting to exclude the cited person's admission of guilt.
The simple fact is that Mrs. Carter signed an affidavit admitting that she went through the intersection against a red light. She claimed just the opposite at trial. Absent some statutory exception, I can see no reason why such an admission ought not to be considered by the trier of fact. See Chimerakis v. Evans, 221 So.2d 735 (Fla. 1969); Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967). True, there was testimony suggesting that Mrs. Carter may not have been lucid at the time she executed the affidavit. There was also evidence to the contrary. Such is a classic jury question. I am of the view that the affidavit was properly received in evidence.
With respect to the traffic citation, such would ordinarily not be admissible, Section 316.650(9), Florida Statutes, as incompetent evidence as to whether the person in fact committed the traffic infraction. However, the citation was admissible under the circumstances of this case solely for the purpose of describing the infraction which Mrs. Carter admitted in her affidavit.
I would also reject appellant's claim that the trial court erred in allowing appellees to elicit testimony regarding a subsequent accident in which Mrs. Carter was involved. Such testimony was admissible since the jury could properly conclude that some of her injuries might have been attributable to such subsequent accident instead of the one involving Mr. Rukab.
I would affirm.
NOTES
[1] The affidavit was on a printed form with blank spaces for the affiant to fill in. The underlined portions represent those parts filled in by the affiant.