583 So.2d 432 (1991)
Ramon FIGUEREDO and Jerri Figueredo, Appellants,
v.
KELLER INDUSTRIES, INC., Appellee.
No. 89-2834.
District Court of Appeal of Florida, Third District.
August 6, 1991.
Freidin Hirsh Green & Gerrard and Barbara Green, Poses & Halpern, Miami, for appellants.
Levine & Geiger and Suzan J. Jacobs, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
We find merit in each of the appellants' claims of error below. Specifically, the trial court
(a) erroneously approved a zero verdict for the loss of consortium claimed by Ms. Figueredo notwithstanding that, although she did not herself testify, see Wills v. Snapper Creek Nursing Home, 465 So.2d 562 (Fla. 3d DCA 1985), pet. for review denied, 476 So.2d 675 (Fla. 1985), there was undisputed evidence that at least some damages in this regard were sustained, Frye v. Suttles, 568 So.2d 983 (Fla. 1st DCA 1990); Kinne v. Burgin, 311 So.2d 695 (Fla. 3d DCA 1975);
(b) incorrectly concluded that the awards of $5,000 for past and $5,000 for future intangible damages were not shockingly inadequate in the face of uncontradicted evidence that Figueredo had sustained two herniated discs, with accompanying undisputed past and future pain and suffering as a result of the accident, see Diaz v. Xtra Super Food Centers, Inc., 579 So.2d 893 (Fla. 3d DCA 1991), and cases cited;
(c) improperly restricted the investigating police officer from expressing a decisive opinion as to the manner in which the accident occurred. This ruling is sustainable *433 neither as an appropriate enforcement of a pretrial order, see First Republic Corp. v. Hayes, 431 So.2d 624 (Fla. 3d DCA 1983), pet. for review denied, 441 So.2d 632 (Fla. 1983); Fogel v. Mirmelli, 413 So.2d 1204 (Fla. 3d DCA 1982), nor as a proper restriction of expert testimony. See Kerr v. Caraway, 78 So.2d 571 (Fla. 1955); Zwinge v. Hettinger, 530 So.2d 318 (Fla. 2d DCA 1988); and
(d) incorrectly excluded evidence that the defendant's truck driver had pled guilty by mail as to a traffic charge in which a personal appearance was required by section 318.19, Florida Statutes (1989). See Boshnack v. World Wide Rent-A-Car, Inc., 195 So.2d 216 (Fla. 1967); Mackey v. Reserve Ins. Co., 349 So.2d 830 (Fla. 1st DCA 1977). Even if  which we need not decide  we agreed with the majority rather than Judge Nimmons's well-reasoned dissent in Carter v. Rukab, 437 So.2d 761 (Fla. 1st DCA 1983), the facts of this case do not invoke the exception to the admissibility-of-guilty-plea-rule applied there.
In accordance with these holdings, the judgment below is reversed and the cause is remanded for a new trial as to the issues which may be fairly said to have been impacted by the errors in question; that is, liability, including causation and comparative negligence, and all elements of damages, with the exception of past and future medical expenses and lost earnings. We specifically see no reason to order a new trial as to the earnings question, for which zero was awarded, because that verdict was based on the jury's resolution of severely disputed testimony unrelated to any of the rulings we have found incorrect. See D.R. Mead & Co. v. Cheshire of Florida, Inc., 489 So.2d 830 (Fla. 3d DCA 1986).
Reversed and remanded with directions.