KLEIN, Judge.
Appellant Benito Soto slipped and fell in a store owned by appellee, and shattered her left shoulder. Because the amounts awarded to her — $5,000 for past pain and suffering, etc., and $5,000 for future intangibles — are grossly inadequate, we reverse for a new trial.
Mrs. Soto, who is 59 years old, underwent two different surgeries and spent fourteen days in the hospital as a result of her shoulder injury. Her medical expenses were $37,-200. As a result of her injury she has a 40% permanent loss of function of her shoulder because of the fracture, bone loss, rotator cuff tear, and calcification. Her treating physician translated this to a 20% disability of the whole body, and the defendant’s physician agreed. She cannot lift her arm higher *1087 than 45 degrees, and because of her continuing pain, she may have to have a total shoulder replacement or have her shoulder fused.
The jury found the plaintiff 60% negligent and the defendant 40% negligent, and awarded $37,200 for past medical expenses, $15,000 for future medical expenses, and $5,000 for past pain and suffering, etc. The jury awarded nothing for future pain and suffering, etc., or for loss of consortium for her husband.
After the verdict was returned the court and counsel agreed that the verdict was improper because the jury had not awarded consortium damages, and the parties stipulated that the jury should be instructed to deliberate further on the consortium and future intangible damages. The jury then awarded $5,000 for future intangibles and $1,000 for past loss of consortium and $1,000 for future loss of consortium. Plaintiff moved for a new trial on the ground that the verdict was inadequate, the trial court denied the motion, and plaintiffs have appealed.
In Dyes v. Spick, 606 So.2d 700 (Fla. 1st DCA 1992) plaintiff had two lumbar disc operations, medical expenses of $33,000, and a 14% permanent impairment of the body as a result of an accident. The jury awarded plaintiff his past medical expenses as well as $11,500 for future medical expenses, $5,000 for past pain and suffering, and $11,000 for future pain and suffering, etc. The first district concluded that the amount awarded for past intangible damages was grossly inadequate and reversed for a new trial.
Similarly, in Figueredo v. Keller Industries, Inc., 583 So.2d 432 (Fla. 3d DCA 1991), the third district reversed for a new trial because it found $5,000 for past intangible damages and $5,000 for future intangible damages to be grossly inadequate for plaintiffs two herniated discs.
We agree with the plaintiff that under the circumstances of this case, the $5,000 award for past intangible damages, in light of the two operations and disability, is grossly inadequate. And the fact remains that the jury first awarded nothing for future intangible damages, yet recognized the severity of plaintiffs injury by awarding her $15,000 for future medical expenses. Although the $5,000 awarded for future intangible damages after the case was resubmitted to the jury is not as shocking as the zero award was, it is still grossly inadequate.
Although in Dyes and Figueredo the court did not order a new trial for all elements of damage, we conclude that under the circumstances of this case all elements should be retried unless the parties agree that the amounts awarded for past and future medical need not be retried. Since plaintiff seeks a new trial on damages only, and defendant does not suggest that there is any reason to again try liability, the retrial shall be on damages only.
Reversed.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
STONE, J., dissents with opinion.