701 So.2d 1225 (1997)
Andrea DOUGHTY and Philip Doughty, individually, and Andrea Doughty and Philip Doughty, as parents and natural guardians of Lauren Doughty, a minor, Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA a/k/a CIGNA, Appellee.
No. 96-0457.
District Court of Appeal of Florida, Fourth District.
December 3, 1997.
*1226 Walter G. Campbell, Jr. of Krupnick, Campbell, Malone, Roselli, Buser, Slama & Hancock, P.A., Fort Lauderdale, for appellants.
Pamela R. Kittrell of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for appellee.
KLEIN, Judge.
Andrea Doughty and her daughter, Lauren, after a jury award of damages for injuries each sustained in an accident, moved for a new trial on the ground that the jury verdict was inadequate. The trial court granted additurs which were accepted by defendant, and plaintiffs appeal, arguing that even with the additurs the damages are still inadequate. We conclude that Andrea's verdict, after being increased by the additur, is not grossly inadequate and affirm. We reverse Lauren's claim for a new trial.
The defense admitted negligence for this accident, which occurred in 1987. It raised a failure to wear seat belt defense, but the jury rejected it. Andrea, who was thirty-seven at the time of the accident, suffered injuries to her neck and lower back. Her back injury ultimately resulted in a 1991 fusion of her sacroiliac joint. Whether Andrea has any permanency as a result of her low back injury was disputed, and the jury could have found that she would not have any. It was undisputed that she has a cervical strain. Defendant's orthopedist acknowledged that she has a permanent cervical injury, resulted in loss of range of motion, limited lifting and reaching above her head, and pain.
Andrea had past medical expenses of approximately $40,000 and a claim for lost earnings as an interior designer. The jury awarded her the following:

Combined past medical $140,000.
 expenses and lost earnings.
Past pain and suffering 15,000.
Future pain and suffering 15,000.
Future medical expenses and -0-
 future lost earning ability.

Although section 768.74, Florida Statutes (1995), appears to require a trial court to find a verdict inadequate before granting an additur, the trial court did not find this verdict inadequate. We quote the order in its entirety.

ORDER ON PLAINTIFF'S MOTION FOR ADDITUR OR IN THE ALTERNATIVE MOTION FOR NEW TRIAL.
The Court, after reviewing the arguments and being otherwise advised, and having reviewed the matters in the file on record, finds that the jury could have just as easily found that the Plaintiff was doing as well or better (or zero when not working at all) after the accident, and thus found no basis for future loss of earning ability, or the need for future medical expense in the case of ANDREA DOUGHTY. Likewise, on the testimony and evidence, the jury could have concluded former [sic] activities and lifestyle since the accident that LAUREN DOUGHTY was not entitled to future pain and suffering and future medical expenses. Perhaps in the jury's eyes (and ears) Plaintiffs doctor was not as convincing as the Defendant's doctors. It is part of the trial game.
However, in light of the fact that past pain and suffering and medical expenses were awarded to both Plaintiffs, although it may be more "possible" then "probable," of some need in the future for such expenses for both Plaintiffs, the Court will add Fifteen Thousand Dollars ($15,000.00) to the verdict or (sic) ANDREA DOUGHTY for future medical expenses and lost earning ability and Eight Thousand Dollars ($8,000.00) to the verdict for LAUREN *1227 DOUGHTY for future pain and suffering and future medical expenses.
Plaintiffs' Motion for Additur is therefore Granted, with the sums set forth above to be awarded.
The defendant has not complained about the trial court's failure to find the verdicts inadequate, nor does it complain about the additurs. It only asks that the verdicts be affirmed. We treat the order, for purposes of review, as if the court found the verdicts grossly inadequate.[1]
In Poole v. Veterans Auto Sales and Leasing Co., Inc., 668 So.2d 189, 191 (Fla.1996), the Florida Supreme Court concluded that section 768.74, Florida Statutes (1995), which authorizes remitturs and additurs, does not alter the "long-standing principles applicable to the granting of new trials on damages." And in Rowlands v. Signal Construction Co., 549 So.2d 1380, 1382 (Fla.1989), the court concluded that when a trial court denies a motion for a new trial, if plaintiff accepts a remittitur which reduces a jury award to the "maximum recovery supported by the evidence," an appellate court will reverse only where there is a clear abuse of discretion. There being no difference, so far as we can see, between a remittitur and an additur, we must now determine whether the verdicts, as increased by the additurs, are grossly inadequate. In other words, could reasonable jurors have returned such an amount. Griffis v. Hill, 230 So.2d 143 (Fla.1969).
We find that the additur of $15,000 for future medical expenses and lost earnings for Andrea does bring this verdict within the range of what reasonable jurors could have awarded. The jury could well have been skeptical of her claim that she would have been working in the future as an interior decorator, but for the accident, as well as her need for much in the way of future medical expense as a result of her injuries. We therefore affirm her award.
We now turn to the claim of Andrea's daughter, Lauren, who was nine at the time of the accident. Lauren suffered a vertical interarticular fracture of the left patella. The injury resulted in massive swelling inside the joint of the knee. In the months after the accident, Lauren was immobilized in a cast, a wheelchair, and had to use crutches. Surgery was not recommended at the time because Lauren was not skeletally mature. The fracture resulted in an unevenness on what would otherwise be a smooth joint surface, which causes rubbing against the other side of the joint. This results in uneven wear of the patella over time, and Lauren has developed crepitus and arthritis in her knee. Her treating physician testified that she will have permanent problems with her knee in the future, and that she will probably need a total knee replacement or at least a replacement of the knee cap.
Defendant's expert agreed that Lauren had a permanent injury. His examination revealed a loss of residual muscle strength in the leg of nineteen percent. He agreed that this was a permanent condition, and that the x-rays showed a loss of joint space in the surface of the kneecap, as well as crepitus and arthritis. He disagreed that Lauren would need a total knee replacement; however, he agreed that her injury would require medication, and would result in a permanent impairment. Lauren's past medical expenses were $6,000.
The jury returned a verdict for Lauren as follows:

Past medical expenses $ 6,000.
Past pain and suffering 10,000.
Future medical expenses and -0-
 pain and suffering.

As with Andrea, the trial court denied the motion for a new trial, but gave Lauren an additur of $8,000 for future pain and suffering and future medical expenses.
*1228 Counsel for defendant appellee candidly admits that Lauren's verdict was grossly inadequate, but contends that there should have been an objection when the jury returned the verdict on the ground of inconsistency. As authority for requiring objection she cites Manasse, a case in which the majority concluded that where a jury finds a plaintiff has a permanent injury and awards future medical expenses, but no future pain and suffering, the verdict is inadequate as a matter of law, but there is no need for an objection. The issue was certified to the Florida Supreme Court and review has been granted. Allstate Ins. Co. v. Manasse, 695 So.2d 698 (Fla.1997).
Even if the majority in Manasse had concluded that an objection was required in that case, that rule would not apply in this case. In this case we are not deciding, as the majority did in Manasse, that a jury finding on one issue required an award of damages on another issue. Rather, this is a case in which the issue is simply whether the verdict, increased by the additur of $8,000 for future pain and suffering and future medical expenses, is grossly inadequate. See Dyes v. Spick, 606 So.2d 700 (Fla. 1st DCA 1992); Figueredo v. Keller Indus., Inc., 583 So.2d 432 (Fla. 3d DCA 1991); Soto v. Dolgen Corp., 665 So.2d 1086 (Fla. 4th DCA 1995).
As we noted earlier, plaintiff's treating physician testified that she had a very serious knee injury and that she would ultimately need replacement of the knee cap or the total knee. Defendant's expert disagreed, but when asked if it were his patient what he would prescribe for the future, he testified that he would tell her to continue doing special leg exercises to strengthen the muscles around the knee and that he would "check her periodically." He further testified that she will have "good days and bad days," will have joint pain, will need medication and should apply ice packs for swelling. This is the best case scenario for Lauren.
We find that the trial court's additur of $8,000, to the jury's award of $0 for future pain and suffering and future medical expenses, is grossly inadequate. Dyes, Figueredo, Soto. No reasonable jury could conclude that $8,000 is sufficient to compensate Lauren for the above described undisputed problems she will have for the next 62 years, her life expectancy. We therefore reverse Lauren's claim for a new trial on damages, including the seat belt defense, and affirm Andrea's appeal.
WARNER and PARIENTE, JJ., concur.
NOTES
[1] We sometimes wonder whether the 1986 tort reform legislation which requires itemized verdicts, § 768.77 Fla. Stat., accomplished what the legislature intended it to accomplish. Prior to itemized verdicts, the entire amount of the verdict had to be grossly inadequate in order for a party to have a basis to move for a new trial or take an appeal on inadequacy. It appears to us that itemized verdicts are producing many more appeals, because in order to have a ground for an appeal, the entire amount awarded need not be inadequate. See Allstate Ins. Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), and cases cited therein.