783 So.2d 302 (2001)
Helen GALGANO and Alamo Rent-Car, Inc., a Florida corporation, Appellants,
v.
John BUCHANAN, Appellee.
Nos. 4D00-596, 4D00-597.
District Court of Appeal of Florida, Fourth District.
March 28, 2001.
Rehearing Denied May 15, 2001.
*303 Caryn Bellus-Lewis of Kubicki Draper, Miami, for Appellant-Helen Galgano.
Richard M. Gomez of Law Offices of Roland Gomez, Miami Lakes, for Appellant-Alamo Rent-A-Car, Inc., a Florida corporation.
Michael J. Wrubel, Hollywood, and Robert Kelley of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellee.
SHAHOOD, J.
We reverse and remand for a new trial on liability and damages on the grounds *304 that the trial court erred in admitting evidence that Galgano received a traffic citation following the accident and that she pled guilty by paying the fine by mail.
Buchanan filed a negligence action against Galgano and Alamo Rent-A-Car for injuries sustained when Galgano's Alamo rental car negligently collided with Buchanan's motorcycle.
Prior to trial, Buchanan moved in limine to preclude Galgano and Alamo (collectively referred to as "appellants") from asserting any liability defense on the grounds that Galgano was estopped from denying liability because she pled guilty to the charge of failure to yield the right-of-way.
The court reserved ruling on the issue, but permitted Buchanan to introduce evidence that Galgano pled guilty to the infraction which caused the accident and allowed Galgano to present a liability defense.
At trial, over appellants' objection, Galgano admitted that she was given a traffic citation for failure to yield the right-of-way. Galgano acknowledged that Buchanan had the right-of-way, but that she never saw the motorcycle. She explained that since she lived in New York and could not come back to Florida because of work and expense, she pled guilty to the infraction and paid the fine by mail, even though she did not think the accident was her fault.
Also over appellants' objection, Officer McClellan testified that after completing his investigation of the accident, he issued a traffic citation to Galgano for violation of the right-of-way. The officer further testified that he did not issue a traffic citation to Buchanan. At the conclusion of the officer's direct examination, appellants objected and moved for a mistrial arguing that the officer's testimony as to whether or not he issued a citation to Buchanan was inadmissible. The trial court held that the objection was not entered spontaneously, denied the motion for mistrial, but granted appellants' request for a curative instruction.
At the conclusion of trial, the jury returned a verdict finding Galgano 100% negligent and awarded Buchanan damages in the amount of $461,000.00. Appellants moved for a new trial and or renewed motion for mistrial which the court denied except as to the jury's verdict regarding future medical expenses, lost wages and earning capacity. The court permitted appellants to elect to proceed with either a retrial on those limited issues or permit the court to reduce the jury's award for future medical expenses and lost wages and earning capacity. Because appellants failed to make an election, this court relinquished jurisdiction for the trial court to modify its order. In modifying its order, the trial court found that because the jury's verdict on future damages for medical expenses and earning capacity was inconsistent, a new trial was required as to those issues only.
We hold that Galgano was deprived of a fair trial as a result of the admission of evidence that she received a traffic citation following the accident and pled guilty by paying the fine via the mail.
Under section 318.14(4), Florida Statutes (1995):
Any person charged with a noncriminal infraction under this section who does not elect to appear shall pay the civil penalty and delinquent fee, if applicable, either by mail or in person, within 30 days of the date of receiving the citation.... If the person cited follows the above procedure, he or she shall be deemed to have admitted the infraction and to have waived his or her right to a hearing on the issue of commission of the infraction. Such admission shall *305 not be used as evidence in any other proceedings ...
(emphasis added).
We reject Buchanan's argument that evidence of the traffic infraction could be used against Galgano at trial because he suffered a bodily injury as a result of the accident. He claims that section 318.19, which precludes the use of section 318.14(4), should apply instead of section 318.14(4).
Section 318.19, Florida Statutes (1995) provides that:
Any person cited for the infractions listed in this section shall not have the provisions of s. 318.14(2) and (4) available to him or her but must appear before the designated official at the time and location of the scheduled hearing:
(1) Any infraction which results in an accident that causes the death of another; or
(2) Any infraction which results in an accident that causes "serious bodily injury" of another as defined in s. 316.1933(1).
There is no evidence that Galgano's traffic infraction fell within the ambit of section 318.19. Galgano's failure to yield the right-of-way did not result in death or cause "serious bodily injury" as defined in section 316.1933(1)[1]. While Buchanan suffered a broken leg which resulted in a 5% permanent impairment, his injury did not amount to a "serious bodily injury" as defined in section 316.1933(1). Even if Buchanan's injuries fell within section 318.19(1), Galgano was permitted to follow the mail-in procedure of section 318.14(4).
Historically, admissions by a party opponent have been admissible as substantive evidence. See Carter v. Rukab, 437 So.2d 761, 762 (Fla. 1st DCA 1983). However, with the decriminalization of certain minor traffic violations, section 318.14(4), provides that any person charged with an infraction could pay a civil penalty which would constitute an admission to the infraction and a waiver of any right to a hearing, but that the admission could not be used as evidence in any other proceeding. See id. at 763. For more serious accidents, section 318.19 provides that persons cited for infractions shall not have the provisions of section 318.14(4) available to the them, but must appear in court for a hearing. Thus, under section 318.19, a plea of guilty to a traffic infraction would be subject to the usual rule of admissibility in other proceedings. See id.
In Carter v. Rukab, 437 So.2d 761 (Fla. 1st DCA 1983), the First District held that the admission into evidence of a traffic citation issued to a motorist charged with running a red light and her admission of guilt by means of submitting an affidavit admitting the infraction and paying a fine in lieu of a court appearance was reversible error. Although the traffic citation required Carter to appear in court for the infraction, she was permitted to submit an affidavit admitting the infraction and pay a fine in lieu of a court appearance.
At trial, the trial court permitted defense counsel to inquire as to whether Carter pled guilty to the infraction. Thereafter, the traffic citation and guilty plea were introduced into evidence.
In finding there to be reversible error, the First District explained that:

*306 Section 318.19(1) contemplates a mandatory court appearance. Thus, one entering a plea of guilty under this statute would do so in the courthouse milieu. It follows that one pleading guilty under these conditions would more fully comprehend the significance of an incriminating admission than if that person had utilized the innocuous mail-order adjustment procedure permitted by Section 318.14(4). In enacting Section 318.14(4), the legislature recognized that persons charged with minor traffic offenses often pay their fines, as a matter of expediency, rather than contesting the charge. In fact, it is the relative ease and lack of restraint with which one would customarily approach an informal and convenient means of paying a traffic fine that tends to encourage use of this prompt and inexpensive settlement procedure which is mutually beneficial to the county and the individual.
Although under the provisions of Section 318.19(1) Mrs. Carter presumably could have been required to attend a mandatory hearing on her traffic citation, the fact is that she did not appear in court. Instead, Mrs. Carter mailed in her fine and affidavit, apparently to avoid the hardship of a court appearance in her condition. We can find no basis upon which appellees can insist that although Mrs. Carter, possibly through some bureaucratic misstep, was permitted to utilize an informal disposition procedure, she should be deemed to have acted in compliance with a statute mandatorily prescribing an entirely different procedure. In terms of appellees' right to introduce evidence of a plea of guilty under Section 318.19(1), we simply hold that it must first be shown that the plea was entered under that statute. Such is not the case here.
Id. at 763 (citations omitted).
As in Carter, section 318.19 is inapplicable in this case because there is no evidence that Galgano was charged with an infraction that caused the death or "serious bodily injury" of another. Moreover, even if Galgano could have been required to appear in court, she was permitted to utilize the informal mail-in procedure set forth in section 318.14(4). Galgano, a New York resident, simply chose to utilize the mail-in procedure because of time and expense in returning to Florida, even though she believed that the accident was not her fault and that Buchanan was comparatively negligent. Clearly, the admission of evidence that Galgano was issued a citation in the accident and pled guilty to the infraction by mail could have had a profound effect upon the jury's determination of guilt.
In MacNeil v. Singer, 389 So.2d 232 (Fla. 5th DCA 1980), the court held that the admission into evidence of a certified copy of a traffic citation and guilty plea, arising out of an accident was a material and prejudicial error. In that case, a bicyclist brought an action to recover personal injuries sustained when she was struck just after sundown in an intersection by a motorist. The bicyclist pled guilty to a noncriminal traffic infraction of failing to have a lamp on her bicycle after sundown, when her mother, without her knowledge or consent, paid the fine by mail. The citation and guilty plea were admitted into evidence resulting in a defense verdict against the bicyclist.
On appeal, the Fifth District found the guilty plea to be inadmissible because of the express language of section 318.14(4). See id. at 234. The court held that the erroneous admission of the guilty plea was material because it likely influenced the jury verdict. See id.
In this case, not only was there no evidence that Galgano's traffic incident fell *307 within section 318.19, but, any error in including the inculpatory statement could not be deemed harmless since the jury found Galgano 100% negligent in a case where negligence was contested.
Even absent the protections of section 318.14(4), the trial court further erred in denying appellants' motion in limine to preclude Buchanan from questioning Galgano and the investigating officer as to whether she received a citation. See Royal Indemn. Co. v. Muscato, 305 So.2d 228 (Fla. 4th DCA 1974)(inquiry into whether defendant driver has received traffic citation with regard to vehicular accident in question in negligence action will constitute prejudicial error warranting granting of mistrial). A jury should not be informed of the investigating officer's determination of who caused the accident and who was cited. See Hernandez v. State Farm Fire and Cas., Co., 700 So.2d 451, 452 (Fla. 4th DCA 1997). Florida law is well settled that conclusions of an officer even suggesting that a driver has been charged with a traffic violation in connection with an accident constitutes prejudicial error. See Budget Rent A Car Sys., Inc. v. Jana, 600 So.2d 466, 467 (Fla. 4th DCA), review denied, 606 So.2d 1165 (Fla. 1992). Questions to a party or a witness, propounded by an adverse party, about whether traffic citations were issued will require that a mistrial be granted or that there be a reversal on appeal. See id. "Common sense ... tells us that to the average juror the decision of the investigating police officer, i.e., whether to charge one driver or another with a traffic violation based upon the result of his investigation, is very material to, if not wholly dispositive of, that juror's determination of fault on the part of the respective drivers." Albertson v. Stark, 294 So.2d 698, 699 (Fla. 4th DCA), review denied, 299 So.2d 602 (Fla.1974).
Because of the taint to the jury as a result of the admission of this prejudicial evidence, we must remand for a new trial on liability and damages. As a result, we decline to address the remaining issues raised in this appeal[2].
REVERSED AND REMANDED FOR A NEW TRIAL.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Section 316.1933(1) involves a blood test for impairment or intoxication in cases of death or serious bodily injury. It defines "serious bodily injury" as "an injury to any person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ."
[2] We note, however, that appellants' claim that the court abused its discretion in denying their motion for mistrial following the investigating officer's testimony that he did not issue a traffic citation to Buchanan was not preserved. However, had such error been preserved, the admission of such evidence would have been inadmissible for the reasons set forth above.