849 So.2d 1094 (2003)
Emory DOZIER and Crete Carrier Corporation, Appellants,
v.
Isaac HODGES, Appellee.
Nos. 3D02-267, 3D02-1503.
District Court of Appeal of Florida, Third District.
May 14, 2003.
Rehearing Denied July 23, 2003.
Fowler White Burnett, Steven E. Stark, June Galkoski Hoffman and Patti A. Meeks, Miami, for appellants.
Lytal, Reiter, Clark, Fountain & Williams and Julie H. Littky-Rubin (West Palm Beach), for appellee.
Before GODERICH, SHEVIN, and RAMIREZ, JJ.
*1095 GODERICH, Judge.
The defendants, Emory Dozier and Crete Carrier Corporation, appeal from an adverse final judgment and from an order awarding attorney's fees and costs to the plaintiff, Isaac Hodges. We affirm.
First, the trial court properly denied the defendants' motion for a mistrial on the basis of unrecorded communications between plaintiff's counsel and a juror's husband where the presumption of prejudice was rebutted by the testimony of plaintiff's counsel and the insurance adjuster. Rudolph v. Gleason, 339 So.2d 298 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 952 (Fla.1977).
Next, the trial court properly prohibited the introduction of evidence that the plaintiff received a traffic citation and paid it by mail. § 318.14(4), Fla. Stat. (1997); Galgano v. Buchanan, 783 So.2d 302 (Fla. 4th DCA 2001); Turco v. Leon, 559 So.2d 1199 (Fla. 3d DCA), review denied, 574 So.2d 141 (Fla.1990). We note that the defendants' reliance on Figueredo v. Keller Industries, Inc., 583 So.2d 432 (Fla. 3d DCA), review denied, 595 So.2d 52 (Fla. 1991), is misplaced because in that case the driver had pled guilty by mail to a traffic charge that by statute required a personal appearance.
Further, the trial court properly excluded the police officer's initial estimate of the speed of the plaintiff's vehicle because although the officer had been qualified as an expert, he had previously testified in his deposition that he took no measurements, made no calculations, and had no factual basis for his opinion. Delta Rent-A-Car, Inc. v. Rihl, 218 So.2d 469 (Fla. 4th DCA), cert. denied, 225 So.2d 535 (Fla.1969).
Lastly, the trial court properly denied the defendants' motion for a new trial based on the allegedly inflammatory and prejudicial comments made during plaintiff's closing argument. A review of the record shows that the trial court sustained all appropriate objections, that the trial court gave curative instructions where appropriate, and that the evidence supported the jury's verdict. Gatlin v. Jacobs Const. Co., 218 So.2d 188 (Fla. 4th DCA), cert. denied, 225 So.2d 529 (Fla.1969).
Affirmed.